HODNETT *v.* STONE.

93  645
95  450

1. A term of the superior court not held at the time appointed by law but legally adjourned over to a later time, is, when held according to the adjournment, the same term with reference to process and pleading as it would have been had it been held at the time fixed by statute.

2. Where a declaration in attachment is filed at the first term, and written notice of the attachment and of the proceedings therein is afterwards served personally on the defendant at least ten days before final judgment, as provided for by section 3309 of the code, the right of the plaintiff to judgment on his declaration, as in other cases at common law, upon the merits of the case, is not affected by a dismissal of the levy during the pendency of the declaration, whether that dismissal was the act of the levying officer, by reason of an order of the magistrate who issued the attachment requiring the plaintiff to give further security on the attachment bond and failure of the plaintiff to comply with that requirement, or the act of the court in which the attachment was pending; and whether the dismissal took place before or after the service of notice on the defendant. It was consequently error to dismiss the declaration because the levy had been dismissed by the levying officer on the magistrate's order made after the declaration was filed, although the order was made and the levy was dismissed before the defendant was served personally with notice. Dismissal of the levy, without more, left the attachment and the declaration founded

thereon pending in court to be disposed of by some proper judgment, final in its nature, terminating the proceeding.

March 26, 1894. Argued at the last term.

Attachment. Before Judge JANES. Douglas superior court. February adjourned term, 1893.

J. S. JAMES, for plaintiff.

T. W. LATHAM and J. H. McLARTY, for defendant.

LUMPKIN, Justice.

1. This was an attachment case, which was dismissed on motion of the defendant. One ground of the motion was, that the declaration in attachment was not filed at the first term, as required by law. The attachment was returnable to the February term, 1892, of Douglas superior court. That court was not held in February, but on account of the physical inability of the judge to attend, was adjourned by his order to the 11th day of April, at which time the court convened. On the day last named the declaration was filed.

The session of the court in April was still the February term. Had the court remained in session a single day in February, and then by proper order have been adjourned over until April, there could scarcely be a doubt that the February term was carried over to the month of April. It makes no difference that the court did not convene at all during the month of February, the order of the judge adjourning it over having been made in conformity to law. Certainly there can be no April term of Douglas superior court, and the sitting in that month was neither more nor less than an adjourned sitting of the regular February term. So there was no merit in this ground of the motion to dismiss the case, and the court was right in so holding.

2. The attachment was sued out January 19th, 1892; made returnable as above stated, and levied on January 23d. Defendant's attorney made an affidavit denying the sufficiency of the attachment bond. The magistrate

who issued the attachment held that the bond was insufficient, and ordered additional security to be. given. There was no compliance with this order of the magistrate, and accordingly the levying officer dismissed the levy. At this time, however, the case was still pending in the superior court. . After the levy was dismissed as above stated, the defendant was served.personally with a notice in writing of the pendency..of the attachment and of the proceedings thereon.

After the overruling of his first motion to dismiss the case, the defendant made another motion to dismiss the same on the ground that the levy. had been dismissed before the defendant was served with the notice above mentioned; the defendant's contention being that the act of the sheriff in dismissing the levy before the service of that notice, amounted to a dismissal of the attachment, the declaration thereon, and all other proceedings in the case. This motion was sustained, and the plaintiff excepted.

The court erred in dismissing the declaration on the ground stated. The notice was served upon the defendant more than ten days (in fact, several months) before final judgment. Section 3309 of the code distinctly declares, that when such notice has been served on the defendant, the judgment rendered upon such attachment shall have the same force and effect as judgments rendered at common law, and that "no declaration shall be dismissed because the attachment may have been dismissed or discontinued, but the plaintiff shall be entitled to judgment on the declaration filed, as in other cases at common law, upon the merits of the case." It does not in principle make a particle of difference whether the dismissal of the levy during the pendency of the declaration was made by the levying officer upon the order of the magistrate because of the plaintiff's failure to give the additional security required, or was

dismissed by the order of the court in which the attachment was pending. It is also immaterial whether the dismissal took place before or after the service of notice on the defendant. After the filing of the declaration and the service of the notice, there was a valid action existing against the defendant entirely independent of the attachment. Inasmuch as the section of the code above cited declares that the dismissal or discontinuance of the attachment itself shall not prevent the plaintiff from proceeding to final judgment on the declaration filed, the mere dismissal of the levy certainly could not take the case out of court. Notwithstanding this dismissal, the attachment and the declaration founded thereon were still pending, and should have been disposed of by a proper judgment final in its nature and terminating the case. See *Lockett* v. *DeNeufville et al.,* 55 *Ga.* 454; *Perry, adm'r,* v. *Mulligan,* 58 *Ga.* 479.

*Judgment reversed.*