TALIAFERRO *v.* SMILEY *et al.*

1. When a bill of exceptions affirmatively recites that it is tendered within thirty days after the adjournment of the term of the court at which the judgment excepted to was rendered, and the trial judge certifies such bill of exceptions in terms of the statute, it will be assumed here that it was tendered in due time.

2. The petition in the present case, though somewhat loosely drawn both as to allegations and prayer, substantially sets forth the breach of a contract for the sale of land, and prays for the recovery of the damages alleged to have resulted from such breach.  It was good, therefore, as against a general demurrer.

3. The petition in an action for the breach of a contract for the sale of land is not demurrable because it fails to allege that such contract was in writing.

4. The petition was not demurrable for want of necessary parties.

Argued October 2, — Decided October 29, 1900.

Complaint.    Before Judge Fite.    Gordon superior court.    February term, 1900.

The petition of John Taliaferro, in an action against T. M. Smiley and his wife, Ella W. Smiley, alleged, in substance, that, to secure a loan of $1,290, he conveyed to the Equitable Mortgage Co. certain land, and being unable to pay such debt, just before its maturity, he conveyed said land together with other land to David C. Barton, with the understanding that Barton was to assume and pay

petitioner's debt to the Mortgage Co. and pay him $1,000 for a designated portion of the land that petitioner conveyed to him, and, when the debt to the Mortgage Co. should be paid, to reconvey to petitioner all the land except that for which he was to receive the $1,000, Barton to have possession of all the land and to receive the rents and profits thereof till the debt to the Mortgage Co. should be paid; that, in pursuance of such agreement, Barton executed to petitioner a bond to reconvey to him, when the debt due the Mortgage Co. should be paid, all the land except that designated portion for which he was to receive $1,000; that Barton borrowed from the Security Investment Co. $1,500, and to secure the payment of the same executed to such company a deed to all the land petitioner had conveyed to him as aforesaid, paid the debt petitioner owed to the Equitable Mortgage Co., and had the security deed that petitioner had made to the Mortgage Co. cancelled of record; that the land conveyed to Barton by petitioner was worth $3,000, and Barton had never paid anything for the same except petitioner's debt to the Mortgage Co.; that Barton, being unable to pay the debt to the Security Investment Co., requested petitioner to make such disposition of all the lands petitioner had conveyed to him, as petitioner should deem best for his own interest; that thereupon petitioner entered into negotiations with T. M. Smiley for the sale of all of said land, and "petitioner and the said Smiley agreed upon the terms of the purchase-price of said lands, whereby the said Smiley was to pay off the debt due the Security Investment Co. for the sum of $1,500 against said Barton, and to pay petitioner the sum of $1,000 for his interest in said lot no. 8; that after said contract of sale by petitioner to the said Smiley, and with notice of petitioner's interest and equity in said lands, and without the knowledge or consent of petitioner, and in violation of contract of purchase made with petitioner, the said Smiley purchased from said D. C. Barton," for the sum of $1,500, all the land petitioner had conveyed to him, and to avoid liability to petitioner had Barton to convey the land to Ella W. Smiley, wife of T. M. Smiley; "that said lot no. 7 is worth $2,000, and after the paying off of the claim of $1,500 due to the Security Investment Co. out of the lands . . bought from said Barton, estimating the lands sold by your petitioner to Barton at the price for which he was to pay for same at $1,000, that the said Smiley would be justly due petitioner, for which

sum he sues, he having paid nothing for said lands;" that the trade between Barton and Smiley for the lands was made for the purpose of defrauding petitioner of his interest therein, and Mrs. Smiley knew of this purpose. The prayer for judgment was as follows: "Wherefore your petitioner prays judgment against the said T. M. Smiley and Ella W. Smiley for the sum of $1,500, they being indebted to him for the reasons herein set forth; and that it be decreed that your petitioner have a special lien upon lot of land no. 7  .  .  for the payment of said sum, as well as a general lien upon all of the property of the said T. M. and Ella W. Smiley."

The defendants demurred to the petition upon the following grounds: 1st. That Barton was not made a party defendant. 2d. That plaintiff was not entitled to the relief] prayed for. 3d. That "the alleged contract set up in the petition [was] void under the provisions of law commonly known as the statute of frauds and set out in the Code of Georgia." Plaintiff moved to amend the petition by making Barton a party defendant to the action, which motion the court overruled. The court then sustained the demurrer generally, and dismissed plaintiff's case. To all of which rulings the plaintiff excepted, and assigned error thereon.

*Starr & Erwin*, for plaintiff.
*R. J. & J. McCamy*, for defendants.

FISH, J. 1. When this case was called in this court, counsel tor the defendants in error moved "for an order replacing at the end of the writ of error the words placed there by [the trial judge] in effect this: 'This bill of exceptions presented to me,' which words have been erased since the bill of exceptions was certified and service thereon acknowledged by us," and at the same time moved to dismiss the writ of error upon the ground that the bill of exceptions was not tendered within the time prescribed by law. In this connection we were requested by movant's counsel to consider an order granted by the trial judge, which appears in the record, and which, after stating the case, is as follows: "The court in the above-stated case having sustained a demurrer to the plaintiff's petition and dismissed same at the last term of the court, which court met in adjournment session on the 14th day of March, by order previously passed and on said last-named day, the court having stated that he would adjourn court over till the 28th day of March, but

by oversight no order was taken nor any entry thereof appearing on the minutes of the court, and plaintiff having presented to me a bill of exceptions on the 17th day of April, which was certified by me, it is now ordered by the court that this order be entered on the minutes of the court, and that the clerk of the superior court send up a copy of this order to the Supreme Court as a part of the record in this case; and this order is intended as a nunc pro tunc order of the order which was not taken by oversight, adjourning the court from the 14th to the 28th of March.   This 30th day of April, 1900. A. W. Fite, J. S. C. C. C."   The certificate to the bill of exceptions was dated April 17, 1900.   Counsel for movants contend that the order of the judge shows that the term of court at which the judgment excepted to was rendered was adjourned on March 14, 1900, and that the bill of exceptions was not tendered until April 17 thereafter, more than thirty days after the adjournment.   If this order can be considered at all, it shows that the term of the court at which the judgment complained of was rendered was continued from March 14 to March 28, 1900, and that the bill of exceptions was tendered on April 17 thereafter, which was in due time.

An erasure appears to have been made in the certificate to the bill of exceptions; what the words erased were it is impossible to ascertain from inspection.   An order passed by the judge after signing the certificate, when all his power over it and the bill of exceptions had passed from him, could not have the effect of reading into the certificate something not in fact there.   The bill of exceptions expressly recites that it was tendered within thirty days after the adjournment of the term of court at which the judgment excepted to was rendered, the trial judge certifies the bill of exceptions in terms of the statute, and it must be assumed that it was tendered in due time.   See *Moore* v. *Kelly & Jones Co.*, 109 *Ga.* 798.

2. The petition, though somewhat loosely drawn both as to allegations and prayer, substantially sets forth that Taliaferro sold to T. M. Smiley certain lands, and that Smiley failed to perform his part of the contract; and prays for damages alleged to have resulted from such breach.   It was, therefore, good as against a general demurrer.

3. There was no merit in the ground of the demurrer based upon the statute of frauds.   Though it be true that the action was for the breach of a contract for the sale of land, that the

statute (Civil Code, § 2693, par. 4) requires such a contract to be in writing, and that the petition failed to allege it to be in writing, yet it is well established that for such cause the petition is not demurrable. *McDougald* v. *Banks*, 13 *Ga.* 452; *Johnson* v. *Latimer*, 71 *Ga.* 470; *Draper* v. *Macon Dry Goods Co.*, 103 *Ga.* 661, and authorities cited; *Bluthenthal* v. *Moore*, 106 *Ga.* 424. In 9 Encyclopædia of Pleading and Practice, 700–701, it is said that: "It is settled by the great weight of authority that, when a contract within the statute of frauds is declared on, the court will presume that it was in writing, and no averment to that effect is necessary. The reason of this is, as has often been said, that the provisions of the statute of frauds affect only the rules of evidence, and not those of pleading. The fact of non-compliance is a matter of defense, and proof at the trial of a contract valid under the statute should be sufficient."

4. The suit, as we have already said, being against Smiley for breach of his contract with the plaintiff, the petition was not demurrable because Barton, a stranger to such contract, was not made a party defendant.

*Judgment reversed.    All the Justices concurring.*