## FENDER *v.* RAMSEY & PHILLIPS.

1. A rule of law under which the testimony of a witness since deceased or disqualified or inaccessible for any cause, given under oath on a former trial upon substantially the same issue, between substantially the same parties, may be proved by any one who heard it and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies, does not authorize the admission in evidence on the final trial of the case of an ex parte affidavit made by a

witness since deceased for use on the hearing of an application for interlocutory injunction in the same case.

2. Where a plaintiff brought an action against a defendant to enjoin interference with timber and to recover damages, the defendant could not, in the same case, by way of cross-action, recover damages against the plaintiff on the ground that the suit was instituted and prosecuted without probable cause, and that damages had resulted to him by reason thereof, and a charge by the court allowing such a recovery was erroneous.

Argued April 7,—Decided October 13, 1908.

Equitable petition. Before Judge Mitchell. Tift superior court. November 25, 1907.

*F. S. Harrell* and *Cranford & Wilcox,* for plaintiff.

*Hendricks & Christian,* for defendants.

ATKINSON, J. 1. On final trial an affidavit was offered in evidence containing material statements of fact bearing upon the issue. It was admitted that the affidavit was taken for use on the hearing of an application for interlocutory injunction in the same case, and that the affiant had since died. The affidavit was admitted in evidence over the objection of the plaintiff. This ruling was erroneous. The reason of the rule admitting such evidence is quite clearly stated in 1 Greenleaf on Evidence (16th ed.), §§ 163, 163 a. Among other things it is said: "The chief reasons for the exclusion of hearsay evidence are the want of the sanction of an oath, and of any opportunity to cross-examine the witness. But where the testimony was given under oath, in a judicial proceeding, in which the adverse litigant was a party and where he had power to cross-examine, and was legally called upon so to do, the great and ordinary test of truth being no longer wanting, the testimony so given is admitted, after the decease of the witness, in any subsequent suit between the same parties. It is also received, if the witness, though not dead, is out of the jurisdiction, or can not be found after diligent search, or is insane, or sick, and unable to testify, or has been summoned, but appears to have been kept away by the adverse party." The rule as stated in the Civil Code, § 5186, is a codification of the general rule of law, and not a change arising from legislative enactment. The language of that section is inapplicable to an ex parte affidavit made for use on an interlocutory hearing, and without the right of cross-examination. It speaks of testimony "given under oath on a former trial;" it refers to proving the substance of the entire

testimony on the particular matter by one who heard it; and altogether it is apparently not applicable to such an affidavit. Interrogatories stand on a different footing from an ex parte affidavit. There the right of cross-examination exists, and the adverse party can propound cross-interrogatories if he so desires.

2. The court charged the jury as follows: "The defendants set up recoupment, claiming that the plaintiff brought his action and that he interfered with their labor, and that they, because of his acts, were damaged. If you believe from the evidence in the case that the action of the plaintiff was groundless, that he had no probable cause for bringing it (and you are the judges of that), had no right to bring the action,—you believe that it was groundless and that there was no cause for his bringing it, then I charge you the defendants would be entitled to such an amount as damages as you are satisfied from the evidence they sustained, and if you should find any amount for the plaintiff, they should be given credit for whatever you find they were damaged by the bringing of this action by the plaintiff." "If you believe defendants sustained damage by reason of the bringing of the action against them by the plaintiff, it is for you to say how much damage they sustained." These charges were erroneous. There was no evidence on which to base them. The constitutional right to appeal to the courts (Civil Code, §5701) authorizes a fair and legitimate testing of one's bona fide claim of right. A litigant is not subject to be penalized by the award of damages whenever he loses his case. Otherwise every man would enter the doors of the court-house, no matter how honestly or with what probable cause, with the danger of damages hanging over him. The Civil Code, §3796, declares that expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them. See remarks of Bleckley, J., in *Tift* v. *Towns,* 63 *Ga.* 242; *Traders Ins. Co.* v. *Mann,* 118 *Ga.* 381 (45 S. E. 426); *Ga. R. Co.* v. *Gardner,* 118 *Ga.* 723, 726 (45 S. E. 600). The recovery of this character of damages presupposes a right on the part of the plaintiff to bring the action, and deals with the question of the measure of damages recoverable. If the defendant in this case is seeking to recover for malicious use of legal process, commonly called mali-

cious prosecution of a civil action, there are three essential elements in such a case: (1) malice; (2) want of probable cause; and (3) that the proceeding complained of had terminated in favor of the defendant before the suit for damages based upon it was brought. *Brantley* v. *Rhodes-Haverty Furniture Co.*, ante, 276 (62 S. E. 222). There is no law by which every case brought by a plaintiff can be turned into a damage suit by the defendant against the plaintiff for bringing it, while it is still, pending. While there was no demurrer to the defendant's pleading, yet there were essential legal elements wanting, the absence of which would show a lack of any right to recover by such defendant. Under the law, neither the pleadings nor the evidence authorized the charges quoted. *Judgment reversed. All the Justices concur.*