## 22177. WRIGHT *v.* THE STATE.

DECIDED APRIL 30, 1932.

*C. G. Battle,* for plaintiff in error.
*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J. While there is no motion to dismiss the writ of error in this case, counsel for the defendant in error state in their brief that this court, of its own motion, will dismiss the writ for lack of jurisdiction, in that the petition for certiorari was overruled on December 10 and the certificate of the trial judge to the bill of exceptions was dated December 31, more than twenty days from the date of the judgment of which complaint is made. It is true that this court is without jurisdiction to entertain a criminal case if it appears that the bill of exceptions was tendered to the judge more than twenty days from the judgment complained of. *Mayfield* v. *State,* 35 *Ga. App.* 578 (134 S. E. 188) ; *Spires v. State,*

43 *Ga. App.* 346 (158 S. E. 767). However, in the instant case this does not appear, but, on the contrary, it does appear that the bill of exceptions was tendered in time. The bill of exceptions recites that it was tendered "within the time provided by law, and within twenty (20) days from the date of the entry of the judgment of the court overruling and denying said petition and writ of certiorari in said case," and the judge of the superior court certifies "that the foregoing bill of exceptions is true," and makes no reference to the tender being late, or to when it was tendered. So far as the record shows, the bill of exceptions was presented to the judge in due time, but not certified by him until more than twenty days from the date of the judgment of which complaint is made. Since the bill of exceptions recites that it was tendered within the time provided by law and within twenty days from the date of the judgment complained of, and nothing to the contrary appearing in the certificate of the judge or the record, "it will be assumed here that it was tendered in due time." *Taliaferro* v. *Smiley,* 112 *Ga.* 62 (37 S. E. 106).

■ The defendant's conviction of possessing whisky was authorized by the evidence, and the judge of the superior court did not err in overruling the certiorari. The untraversed answer of the trial judge to the writ of certiorari shows that the arresting officer testified as follows: "I saw Hubert Wright, the defendant, on the 21st day of September, 1930, in the city of Atlanta, Fulton county, Georgia, at about ten o'clock at night, traveling on Forrest Avenue where it crosses Felton Drive. He had a package under his arm about the size of a one-gallon can of liquor. I followed Hubert Wright to the entrance of an apartment house, and he went up the steps with the package under his arm and into the hallway. I was following him all the time. I later met Hubert Wright coming down the steps on the outside of the building. I stopped him, but went back into the hall of the apartment house and picked up the package which Hubert Wright had under his arm when he went into the house, and the package contained a one-gallon can of corn liquor."

*Judgment affirmed. Broyles, C. J., and Jenkins, P. J., concur.*