26900. W. S. DICKEY CLAY MANUFACTURING COMPANY *v.* GREGG.

FELTON, J. 1. In a suit for damages for alleged negligence of the defendant, in which the defendant pleaded that the plaintiff's negligence was the proximate cause of the injury sued for, where there was evidence that the plaintiff parked her car on the left side of the road and backed out into the road while looking at a person in front of her and not in the direction toward which she was backing the car, and backed her car into the defendant's truck, exclaiming that she did not see it, it was error for the court to fail to instruct the jury that even if the defendant was negligent as alleged, if the plaintiff could have avoided the collision by the use of ordinary care she would not be entitled to recover.

2. A bill of exceptions reciting that it was presented to the trial judge "within the time allowed by law" is presumed to be in time. Nothing appearing in the bill of exceptions or the judge's certificate showing the contrary, the writ of error is not subject to dismissal. *Taliaferro* v. *Smiley*, 112 *Ga.* 62 (37 S. E. 106); *Wright* v. *State*, 45 *Ga. App.* 242 (164 S. E. 165).

3. "If no approved charge has been filed, a general approval by the judge of the motion for new trial shall be taken as a complete verification of such ground of the motion." Code, § 70-304.

4. It was error to overrule the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*

DECIDED JUNE 29, 1938.

*C. D. McCutchen,* for plaintiff in error. *C. H. Dalton,* contra.