### 28348. HOLLIDAY *v.* CALDWELL *et al.,* executors.

DECIDED JUNE 17, 1940.

*Carl T. Hudgins,* for plaintiff.  *Augustine Sams,* for defendants.

SUTTON, J.  ■  The defendant in error made a motion to dismiss the writ of error on the ground that the bill of exceptions was not tendered to and signed by the judge within thirty days from

the date of the judgment complained of. That judgment (sustaining of a general demurrer to the petition) was rendered on January 5, 1940, and the bill of exceptions was presented to and signed by the judge on February 12, 1940, more than thirty days from the date of the judgment. The bill of exceptions recites that it was tendered "within the time provided by law," and was so certified by the trial judge. It appears from the certificate of the clerk of the superior court that the judge passed an order on December 11, 1939, to the effect that the appearance docket for the December term, 1939, of DeKalb superior court would be called on December 15, 1939. The clerk also certified that the judge passed an order, on January 4, 1940, whereby it was ordered that a term of DeKalb superior court was called to convene on the first and second Mondays in February, 1940, to be known as the December adjourned term, 1939, for the purpose of hearing both civil and criminal cases. It appearing from the recital in the bill of exceptions that it was tendered "within the time provided by law," which was certified to be true by the trial judge (*Taliaferro* v. *Smiley,* 112 *Ga.* 62, 37 S. E. 106; *Wright* v. *State,* 45 *Ga. App.* 242, 164 S. E. 165; *W. S. Dickey Clay Mfg. Co.* v. *Gregg,* 58 *Ga. App.* 145 (2), 198 S. E. 90), and it further appearing from the certificate of the clerk that the regular December term, 1939, of DeKalb superior court was adjourned over until the first and second weeks in February, 1940, it therefore appears that the bill of exceptions was tendered within sixty days from the date of the judgment complained of and within thirty days from the date of the final adjournment of the December, 1939, term of that court. Code, § 6-902. See *King* v. *Sears,* 91 *Ga.* 577 (8) (18 S. E. 830); *Hodnett* v. *Stone,* 93 *Ga.* 645 (1) (20 S. E. 43); *Hines* v. *McLellan,* 117 *Ga.* 845 (45 S. E. 279); *Elrod* v. *Bagley,* 150 *Ga.* 329, 331 (103 S. E. 841); *O'Neal* v. *State,* 35 *Ga. App.* 665 (134 S. E. 332). The motion to dismiss the writ of error is overruled.

The petition shows on its face, by the recitals of facts as to previous litigation, that the defendants and their testate were not stubbornly litigious. The court did not err in sustaining the demurrer, and in dismissing the action.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*