### 30396. BUSBEE v. SELLERS.

DECIDED APRIL 8, 1944.

*D. Lee Churchwell,* for plaintiff. *Miller & Miller,* for defendant.

PARKER, J. The plaintiff in error, hereinafter called the plaintiff, obtained a writ of certiorari directed to the judge of the municipal court of Macon, in which court the plaintiff had brought suit against the defendant in error, hereinafter called the defendant, upon an open account in the amount of $72.68. In the answer, as finally amended, the defendant pleaded that he was indebted to the plaintiff to the extent of $10 only, without interest, and that he had tendered that sum to the plaintiff and had paid it

into the same court upon a prior action therein, which had been instituted by the plaintiff against him, and which had been dismissed; that the plaintiff had previously prosecuted four actions against him; that three of such actions were based on the same items embraced by the instant action; and that all had terminated in favor of the defendant. By way of counterclaim, the defendant alleged that the plaintiff had acted in bad faith, had been stubbornly litigious, and had caused him unnecessary trouble and expense; and that because of the plaintiff's conduct he was liable to the defendant in the sum of $20 for attorney's fees incurred by the defendant in defending the instant action. The plaintiff demurred to the answer before and after its amendment. All of the grounds of demurrer were overruled after the defendant had in open court renounced all claims for "malicious prosecution of any other civil cases." (Quotation from the order overruling the demurrers.) The allegations in the answer and amendment thereto with respect to the plaintiff's conduct in bringing the prior actions and causing the defendant trouble, etc., were allowed by the trial judge to stand "only to shed light on the issue in this case." (Quotation from the same order overruling the demurrers.)

On the trial, the defendant and his wife testified concerning the prior relations with the plaintiff and his wife touching their business transactions and disputes, and in regard to the former actions prosecuted by the plaintiff against the defendant and his wife. Counsel for the plaintiff also testified respecting the prior actions at law. The pleadings and papers of the former actions were introduced in evidence without objection. The court charged the jury upon the issues involved, and the jury returned a verdict against the defendant for the $10 he had paid into court, and against the plaintiff for $20 attorney's fees, the net result being a verdict for $10 in favor of the defendant with costs against the plaintiff. In his petition for certiorari, the plaintiff assigned error upon several rulings of the trial judge and portions of his charge to the jury, as well as upon the verdict and judgment thereon; but did not traverse or except to the answer of the trial judge. After a hearing, the certiorari was overruled and dismissed by the superior court, and the plaintiff excepted.

The trial judge erred in overruling and dismissing the certiorari. For one reason, the verdict in favor of the defendant was not au-

thorized. The Code, § 20-1404, provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." It is well-settled law that the expenses of litigation, including attorney's fees, referred to by this section of the Code are not punitive or exemplary damages, and that they may be allowed by the jury as a part of the damages recovered by a plaintiff only when the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. *Mosely* v. *Sanders*, 76 *Ga.* 293. Such a recovery can be had only by virtue of this statute, and then only under certain conditions and circumstances, and the provision is made for a recovery by the plaintiff against the defendant. We have not been able to find any case where a recovery of this kind has been had by a defendant against a plaintiff. The authority given by the statute is to the plaintiff against the defendant. But even if there could be such a recovery by a defendant against a plaintiff, for instance where the defendant had a cross-action against the plaintiff, no such claim or contention was made by the defendant in this case, but the defendant answered and admitted that he was indebted to the plaintiff in the sum of $10 and sought to avoid a recovery by the plaintiff by praying for a judgment against him in the sum of $20 for attorney's fees in defending the action, the defendant's claim in this respect being based on no other claim or action against the plaintiff. In *Fender* v. *Ramsey*, 131 *Ga.* 440 (2) (62 S. E. 527), it was held: "Where a plaintiff brought an action against a defendant to enjoin interference with timber and to recover damages, the defendant could not, in the same case, by way of cross-action, recover damages against the plaintiff on the ground that the suit was instituted and prosecuted without probable cause, and that damages had resulted to him by reason thereof, and a charge by the court allowing such a recovery was erroneous." And in *Atlanta Elevator Co.* v. *Fulton Mills*, 106 *Ga.* 427 (32 S. E. 541), it was held that, where a plaintiff had no cause of action against a defendant, he could not recover damages in a suit on account of alleged bad faith and litigiousness on the part of the defendant, growing out of the same transaction between them which had been settled by a former suit. In the case

at bar, the defendant alleged in his answer that the plaintiff had been stubbornly litigious, and had filed certain other actions against him. These actions were either introduced in evidence or identified thereby. One of such former actions was a distress warrant, and in that action the money from the crops was deposited in court, and the costs were paid by the plaintiff. In another suit, the plaintiff sued the defendant's wife on the account sued for in the present case. On the trial of that case, the court held, that, under the evidence before him, while the defendant might be liable for the account, his wife was not; and the plaintiff dismissed the action. In the next suit, the plaintiff sued the defendant and his wife jointly; and on the trial of that action, the judge held that the evidence showed that, since the defendant was indebted to the plaintiff and the defendant's wife was indebted to the plaintiff's wife, and these sums had been paid into court, there was a misjoinder of causes of action, and he would nonsuit the plaintiff. The plaintiff then dismissed that action, paid up the costs, and brought the present action. In the present case, the defendant admitted that he owed a part of the sum claimed by the plaintiff, and alleged that he had tendered this money and paid it into court in a former action, and that so far as he knew the money was still in court in that case. This was not good as a tender in the present case. In each of the former suits, the uncontroverted evidence showed that the plaintiff had probable cause for instituting and prosecuting the actions, for in each case the defendant or his wife, or both of them, admitted that they owed to the plaintiff or to his wife a part of the account sued for. In the present case the defendant admitted that he was indebted to the plaintiff in the sum of $10, although he testified that he had tendered this money to the plaintiff before the action was brought. The defendant's answer was subject to demurrer and the court erred in overruling the demurrer thereto. The recovery in favor of the defendant against the plaintiff for the attorney's fees was unauthorized under the law and the evidence. In this connection, see *Tift* v. *Towns,* 63 *Ga.* 237, 142; *Clark* v. *Wolfe,* 115 *Ga.* 320 (41 S. E. 581); *Traders Insurance Co.* v. *Mann,* 118 *Ga.* 381 (6, 7) (45 S. E. 426); *Lovell* v. *Frankum,* 145 *Ga.* 105 (88 S. E. 569); *Chance* v. *Commercial Credit Co.,* 30 *Ga. App.* 543 (118 S. E. 465); *Holliday* v. *Caldwell,* 62 *Ga. App.* 720, 723 (9 S. E. 2d, 694).

30

In view of the above rulings, it is not necessary to pass upon the other assignments of error.

Judgment reversed. Sutton, P. J. and Felton, J., concur.