32253. NEIDLINGER *v.* PERRY, executor.

TOWNSEND, J. 1. Where, as in the instant case, the bill of exceptions contains a general recital that it is tendered *within the time provided by law,* but the certificate of the judge states that it was tendered to him on a specific date, which date is after the time required by law for tendering bills of exceptions to the judge who presided in the cause, the specific date of the tender as shown by the certificate of the judge controls rather than the general recital contained in the bill of exceptions that it was tendered within the time provided by law. See *McBride & Co. v. Beckwith,* 67 Ga. 764; *Langston v. State,* 58 Ga. App. 176 (198 S. E. 121); *Coker v. Life & Casualty Ins. Co. of Tenn.,* 180 Ga. 525 (179 S. E. 626); *W. S. Dickey Clay Mfg. Co. v. Gregg,* 58 Ga. App. 145 (198 S. E. 90).

2. Plaintiff in error cannot by response filed in this court to a motion to dismiss bill of exceptions made by defendant in error on the ground that the bill of exceptions was not tendered to the judge who tried the cause within the time provided by law, show that the bill of exceptions was tendered within the required time while the judge was absent from home as provided in Code § 6-906. This can only be shown by the bill of exceptions, the certificate of the judge or the transcript of the record. Such motion is not a part of the record. See *McBride & Co. v. Beckwith,* supra; *Langston v. State,* supra.

3. The bill of exceptions affirmatively shows that the date of the decision complained of was August 28, 1948, and the certificate of the judge recites that the bill of exceptions was tendered to him on September 22, 1948. Therefore this court has no jurisdiction as the same was not tendered within the time required by law. See Code (Ann. Supp.), § 6-902; *Ford* v. *State,* 55 *Ga. App.* 151 (189 S. E. 424).

*Bill of exceptions dismissed. MacIntyre, P. J., and Gardner, J., concur.*

DECIDED DECEMBER 3, 1948.

*Limerick L. Odom,* for plaintiff in error.

*W. C. Hawkins, J. Henry Howard,* contra.

