## 38233. WALLACE v. JONES.

FELTON, Chief Judge. 1. "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Code § 20-1404.

2. "Such a recovery can be had only by virtue of this statute, and then only under certain conditions and circumstances, and the provision is made for a recovery by the plaintiff against the defendant . . . The authority given by the statute is to the plaintiff against the defendant." *Busbee* v. *Sellers*, 71 *Ga. App.* 26, 28 (29 S. E. 2d 710).

3. "There is no law by which every case brought by a plaintiff can be turned into a damage suit by the defendant against the plaintiff for bringing it, while it is still pending." *Fender* v. *Ramsey & Phillips*, 131 *Ga.* 440, 443 (62 S. E. 527).

4. Where the plaintiff sued to recover for timber cut and carried away by the defendant as a wilful trespasser, and the defendant by way of amendment to his answer sought to set up a cross-action for attorney's fees and expenses on the ground that the plaintiff had acted in bad faith by failing to disclose his claim at an earlier time "and in bringing this action" the court did not err in excluding evidence as to the defendant's alleged expenses and in sustaining the plaintiff's oral motion to dismiss the allegations and prayers for attorney's fees and expenses. *Fender* v. *Ramsey & Phillips*, 131 *Ga.* 440 (2), supra; *Busbee* v. *Sellers*, 71 *Ga. App.* 26 (2), supra; *Ellis* v. *Millen Hotel Co.*, 192 *Ga.* 66, 70 (14 S. E. 2d 565); *Randolph* v. *Merchants &c. Loan Co.*, 58 *Ga. App.* 566, 572 (199 S. E. 549). Under these circumstances it was not harmful for the court to allow the plaintiff to dismiss his petition "with the right to refile same within a period of six months as provided by law."

Judgment affirmed. Nichols and Bell, JJ., concur.

DECIDED APRIL 29, 1960.

*Carl T. Hudgins*, for plaintiff in error.
*McFarland & Cooper, Martin McFarland*, contra.