44650. TERRY v. WONDER SEAL COMPANY.

EVANS, Judge. 1. The counterclaim based upon fraudulent misrepresentations fails to set out any claim for malicious use of process.

2. Damages for malicious use and abuse of process in this civil action cannot be recovered by the counterclaim in the trial of the same action. *Fender v. Ramsey & Phillips,* 131 Ga. 440, 442 (62 SE 527); *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 69 (14 SE2d 565); *Wallace v. Jones,* 101 Ga. App. 563 (114 SE2d 436) and cit.

3. Only by *Code* § 20-1404 can expenses of litigation (attorney's fees) be sought by the plaintiff—not the defendant. *Busbee v. Sellers,* 71 Ga. App. 26, 28 (29 SE2d 710).

4. Neither of the only two elements of damage sought and awarded in the counterclaim (punitive damages and attorney's fees) is recoverable unless there is a right under the pleadings and evidence to recover general, nominal, or special damages. See *Love v. National Liberty Ins. Co.,* 157 Ga. 259 (121 SE 648); *Beverly v. Observer Publishing Co.,* 88 Ga. App. 490 (77 SE2d 80); *Gartrell v. Afro-American Life Ins. Co.,* 88 Ga. App. 806 (78 SE2d 92); *Bigelow-Sanford Carpet Co. v. Goodroe,* 98 Ga. App. 394 (5, 6) (106 SE2d 45). Accordingly, the trial court did not err in its judgment vacating the verdict (and, by necessary implication, the judgment

based thereon) in favor of the counterclaimant and in thereafter dismissing the counterclaim.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*
SUBMITTED SEPTEMBER 11, 1969—DECIDED OCTOBER 2, 1969.

*Bullock, Yancey & Mitchell, Kyle Yancey,* for appellant.
*Evelyn M. Highsmith,* for appellee.