## 59056. QUALITY SCREEN PROCESS CORPORATION v. COLLINS.

McMURRAY, Presiding Judge.

William Perry Collins was an employee of Quality Screen Process Corporation. He was subsequently

terminated by his employer.

Whereupon, Collins sued Quality Screen Process Corporation for damages, actual ($5,500) and punitive ($9,100). Plaintiff alleges in his complaint that his termination resulted from a first garnishment for indebtedness in violation of Code Ann. § 46-303 (Ga. L. 1976, pp. 1608, 1615) in that no employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness, even though more than one summons of garnishment may be served upon such employer with respect to such indebtedness.

The defendant answered admitting only jurisdiction but otherwise denied the claim and contended that the plaintiff was guilty of fraudulent conduct and misrepresentation in that after his work had been terminated for various and sundry reasons he had procured another job from another employer advising the defendant that if the defendant gave a bad reference as to plaintiff's work habits he would be unable to obtain the job and based upon this misrepresentation the defendant wrote a letter at plaintiff's request stating the termination related to the garnishment only. Defendant alleges plaintiff well knew this information conveyed to defendant by plaintiff was false, that the defendant relied upon misrepresentation of plaintiff to defendant's damage and that the plaintiff should not recover for his own fraud. By counterclaim the defendant contends in Count 1 it was damaged by the fraud and deceit practiced upon it by the plaintiff and sought actual damages ($482.38) and punitive damages ($25,000). In Count 2 it alleges a malicious abuse of civil process in that the plaintiff has initiated this action against the defendant only for the purpose of placing the defendant "to worry and expense in defending the same and that the same is purely vexatious in nature," seeking damages in the amount of $10,000 together with reasonable attorney fees.

After considerable discovery plaintiff moved for summary judgment as to defendant's counterclaim, contending there was no genuine issue of material fact with reference to Counts 1 and 2 thereof. After

consideration of the entire record including the legal briefs and oral arguments by counsel for both parties, the trial court held there was no genuine issue as to any material fact in either Count 1 or Count 2 of defendant's counterclaim. Hence the plaintiff was entitled to judgment as a matter of law. But the trial court's order recited it "specifically makes no finding regarding Defendant's potential cause of action against Plaintiff for malicious use of civil process in the event that Defendant prevails on the merits in the trial of this action." *Held:*

Count 1 of the counterclaim is based upon conduct amounting to fraud and misrepresentation whereby the defendant contends it has been damaged. Count 2 is styled as "malicious abuse of civil process" contending the main action was filed "for the purpose of placing Defendant to worry and expense in defending the same and that the same is purely vexatious in nature." Generally a motion for summary judgment adjudicates that after consideration of the entire record there is no genuine issue as to any material fact and a judgment is demanded for the moving party as a matter of law. It is not used to abate a claim or to strike a pleading as being insufficient as the merits of such would not be under consideration. One cannot bring a counterclaim seeking to prevent a plaintiff from using the courts to seek redress. Claims for malicious use or abuse of process in a civil action cannot be recovered by a counterclaim in the trial of that action. See *Outlaw v. Transit Homes, Inc.,* 145 Ga. App. 695, 698 (2) (244 SE2d 633); *Terry v. Wonder Seal Co.,* 120 Ga. App. 423 (2) (170 SE2d 745); *Fender v. Ramsey & Phillips,* 131 Ga. 440, 442 (62 SE 527); *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 69 (14 SE2d 565); *Wallace v. Jones,* 101 Ga. App. 563 (4) (114 SE2d 436); *Busbee v. Sellers,* 71 Ga. App. 26 (2), 28-29 (29 SE2d 710); *Randolph v. Merchants & Mechanics Banking & Loan Co.,* 58 Ga. App. 566, 572-573 (199 SE 549).

A plaintiff's action in a court of law cannot be turned into a damage suit by the defendant against the plaintiff for bringing it while it is still pending. See *Fender v. Ramsey & Phillips,* 131 Ga. 440, 443, supra. Here the defendant is contending as a defense to the action and as a counterclaim in Count 1 that plaintiff's claim is based upon fraudulent misrepresentation in obtaining the

letter from defendant that his employment was terminated by garnishment only. Defendant is entitled to use this as a defense to the action but it cannot seek damages in a counterclaim in the trial of the same action. The trial court more or less recognized this as a defense in ruling on the motion for summary judgment for the court clearly stated that it made no finding regarding defendant's potential cause of action against plaintiff for malicious use of civil process.

Under the circumstances it is not necessary for the trial court to determine whether Count 2 is based on malicious use or abuse of civil process here. Defendant simply is not entitled to turn plaintiff's damage suit against it by bringing a damage suit in a counterclaim against the plaintiff for bringing the action, that is, while it is still pending.

The trial court did not err in ruling in favor of the plaintiff in dismissing the counterclaim in this pending action.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 15, 1980 — DECIDED FEBRUARY 13, 1980.

*Walter W. Furlong, Robert J. Dorfman,* for appellant.
*A. Glen Steedley, Jr., W. Wheeler Bryan,* for appellee.