BOSTICK, administrator, *vs.* PALMER & DEPPISH. .

Where, in March, 1882, suit was brought in a justice's court against an administrator on an open account for less than $50, made by the intestate in July, 1875, to which the defendant filed a plea of the statute of limitations, in the absence of any proof on the part of the plaintiff to show the time during which the estate was un-represented, or that the bar of the statute of limitations had not attached, it was a question of law and not of fact whether the action was barred. From a judgment in favor of the plaintiff a *certiorari* would lie; and on the call of the case, it was error to dismiss the *certiorari* on the ground that the case involved a question of fact, and that appeal and not *certiorari* was the proper remedy.

November 5, 1887.

Justices and Justice Courts. Appeal. *Certiorari*. Before Judge LUMPKIN. Washington Superior Court. March Term, 1887.

Reported in the decision.

J. A. ROBSON, for plaintiff in error.

No appearance for defendants.

SIMMONS, Justice.

It appears from the record in this case that Palmer & Deppish brought suit against E. O. Bostick, administrator of D. W. Holt, in a justice's court, in March, 1882, on an open account made by the intestate in July, 1875. The defendant filed a plea of the statute of limitations, and the magistrate gave judgment for the plaintiff. The defendant sued out a writ of *certiorari* to the superior court,

which was answered by the magistrate, admitting in his
answer that the account was dated in July, 1875, that the
suit was brought in March, 1882, and that he had entered
up judgment against the defendant as administrator.
When the case was called in the superior court for trial,
a motion was made to dismiss the *certiorari* because the
amount sued on was under $50, and there being a ques-
tion of fact in the case, an appeal and not *certiorari* was
the remedy.   The court granted the motion and dismissed
the *certiorari*.*   The defendant sued out his bill of excep-
tions to the judgment of the court dismissing the *certiorari*,
and assigned the same as error.   The only question in
the case, therefore, is whether it was a question of law or
fact made in the *certiorari*.

The plaintiff sued on an account which on its face was
barred by the statute of limitations, and the defendant
filed his plea of the statute of limitations.   We think that
when that plea was filed, it appearing on the face of the
pleadings that the account was barred, it was incumbent
on the plaintiff to show facts taking it out of that plea.
He ought to have shown, if he could, that Holt, the intes-
tate, who had contracted the account, had died at a certain
time, and that there was no administration on his estate
until a certain time, so that the plaintiff could not have
brought suit within the statutory period.   This he failed
to do, and as the account showed on its face that it was
barred, and no facts being proved to show that the statute
had not run, it was a question of law and not a question
of fact as to whether it was barred or not; and the court
erred in dismissing the *certiorari* for the reason that a
question of fact was involved.

Judgment reversed.

*The bill of exceptions contains the following statement, added by the presid-
ing judge: ''It was represented to the court by counsel for both sides that the case
involved issues of fact, and relying on these statements, the court did not exam-
ine the record, but based its decision on the statements made and conceded by
counsel on both sides.'' (Rep.)