Greenwood *v.* The Boyd & Baxter Furniture Factory.

1. To review the judgment of a justice's court for an amount exceeding fifty dollars, where no facts are in dispute, the writ of *certiorari* is a proper remedy.
2. Upon the hearing of a *certiorari* in the superior court, in which no issues of fact were involved, and the determination of the case depended entirely upon legal questions, it was the duty of that court to render a final judgment.
3. A power of attorney authorizing one to collect a fire insurance policy, payable to the assured, accompanied by oral instructions to apply the proceeds, when collected, to a debt due by the assured to the attorney in fact, does not operate as a transfer of such policy to the latter, or prevent the money due on such policy and still in the company's hands, from being reached by a garnishment sued out in favor of another creditor of the assured.

February 2, 1891.

*Certiorari.* Practice. Debtor and creditor. Garnishment. Title. Before Judge Miller. Bibb superior court. November term, 1889.

On February 29, 1888, the plaintiff sued out an attachment against M. Greenwood for an indebtedness of $81.74, and on March 1st the attachment was levied by service of a summons of garnishment upon certain insurance agents, who answered that the Fire Insurance Company of London, which they represented, owed M. Greenwood $133.05 under the terms of a policy in said company and an adjustment made by the proper authorities, and that the amount would be due on March 22, 1888. A. Greenwood claimed the amount due upon the policy, and traversed the answer of the garnishees. The claim case was tried in a magistrate's court. The testimony showed that the plaintiff had obtained judgment against M. Greenwood in the attachment case; that on or about January 26, 1888, M. Greenwood owed claimant about $250, and executed and delivered to him a power of attorney, authorizing him, "for me and in my name, place and stead, to collect and settle with the

Fire Insurance Association of London, for all and every-
thing that may be done for my loss that I have sus-
tained and insured in the above named association, . .
giving and granting unto my said attorney full and
whole power and authority in and about the premises
and generally to do and perform all and every act and
acts, thing and things, device and devices in the law
whatsoever needful and necessary to be done in and
about the premises," etc.   This power of attorney con-
tained no provision as to what should be done with the
money after it was collected.   The claimant testified
that when M. Greenwood turned over to him the policy
of insurance, together with the power of attorney, he.
told claimant to collect the money found to be due on
the policy by adjustment, and when he had so collected
it, to apply it as far as it would go to the debt due to
claimant.   The fire by which M. Greenwood's stock of
goods was injured occurred prior to January 26, and
the insurance company had not paid over the money,
although the loss had been adjusted at the time plaintiff
sued out his attachment.

The plaintiff admitted that the facts as testified to by
claimant's witnesses were true.   The magistrate held
that the power of attorney, together with the instruc-
tions given by defendant to claimant, was a valid trans-
fer of the claim against the insurance company, and
therefore the company was indebted to claimant and not
to defendant in attachment.   By *certiorari* the plaintiff
alleged that the court erred in this ruling.   In the
superior court the claimant moved to dismiss the *cer-
tiorari*, upon the ground that the amount involved ex-
ceeded $50, and there being questions of fact involved, the
plaintiff's remedy was by appeal.   The motion was over-
ruled; and the court held that the magistrate erred in
deciding as he did, and directed a final judgment in
favor of the plaintiff.   The claimant excepted.

A. PROUDFIT and DESSAU & BARTLETT, for plaintiff in error.

ROSS & ANDERSON, by brief, *contra.*

LUMPKIN, Justice.

1. Repeated adjudications of this court have settled the law as to when the judgment of justices' courts may be reviewed by *certiorari.* In all cases, where only questions of law are to be determined by the superior court, the remedy may be by that writ. Where facts are in dispute, there should be an appeal, either to a jury in the justice's court, or to the superior court. In the case at bar, there was a contest in the justice's court between the plaintiff in attachment and the claimant, as to which was entitled to the proceeds of a fire insurance policy, issued to the defendant in attachment. After all the testimony had been introduced, the plaintiffs admitted as true all that claimant's witnesses had sworn, and made no issue at all on the facts. Their position taken in the justice's court, as the record shows, was, that conceding all the claimant proved, they were entitled to their money. The justice adjudged otherwise, and the amount of plaintiffs' demand being over $50.00, they sued out a writ of *certiorari* to the superior court. The judge below rightly refused to dismiss the same. There was no office for a jury to perform in this case, there being no controversy whatever as to the facts.

In determining whether or not a *certiorari* will lie in cases which are to go up from justices' courts, the test question should be: is there any disputed question of fact to be settled by a jury? If so, then there should be an appeal, but as WARNER, C. J., said in 53 *Ga.* 570 : "If the only question involved is a question of law, which must necessarily control the case, then the proper remedy is by *certiorari.*" In the case now under consideration, the only question was : taking all the facts, just as they appear, and without any controversy con-

cerning them, are the plaintiffs, as a matter of law, entitled to have their claim paid out of this fund ? Hence, there was no issue for a jury to try, "which the right of appeal presupposes." 69 *Ga.* 745. The ruling of the court below is fully sustained by the case of *Cruse* v. *Express Co.*, 72 *Ga.* 184, where it was held that when "no facts were contested before the justice, and the exception is that, conceding all the facts, the judgment was erroneous, a *certiorari* may be taken directly from such judgment." See also 70 *Ga.* 723, and 79 *Ga.* 680. A number of other decisions, bearing more or less directly on this question, have been rendered by this court. The rule, we think, to be deduced from them all is that *certiorari* will lie to review pure questions of law, that is, in all cases where there is no dispute as to the facts, or the inferences of fact to be drawn . from the testimony; but when there are such disputes, of either kind, there must be an appeal.

2. The only controversy in this case being upon questions of law, and there being but one possible legal end of such controversy, the court did right in making a final judgment.

3. The policy of insurance could not be transferred by mere delivery, or by a written power simply to collect, with oral directions as to the application of its proceeds. 63 *Ga.* 681.　　　　　　　*Judgment affirmed.*