## HARGETT *v.* McCADDEN & McELWEE.

Where a person owes an attorney at law and delivers him certain open accounts for collection, with the understanding between them that the attorney is to collect them and to appropriate one half of the collection to the antecedent debt and the other half as his fees for collecting, there being no written assignment of the accounts and no intention to pass title thereto to the attorney, the latter obtains no legal or equitable title to the accounts.

When, therefore, the attorney reduces the claims to judgment and the judgment debtor is garnished by another creditor of the person who placed the accounts with the attorney for collection, and the money is brought into court, the attorney's claim of title will not prevail as against the rights of the garnishing creditor. But his lien as attorney under the contract made with his client will, if reasonable as to amount and not the result of a mere device to defraud creditors, prevail over the claim of

the garnishing creditor for the amount agreed upon between him and his client for such fees.

Argued May 10, — Decided June 2, 1899.

Garnishment and claim.    Before Judge Butt.    Muscogee superior court.    November term, 1898.

*Cameron & Hargett*, for plaintiff in error.
*W. H. McCrory* and *J. E. Chapman*, contra.

SIMMONS, C. J.    Pekor was indebted to Hargett, an attorney at law, and in order to discharge the indebtedness turned over to him certain open accounts, with the understanding and agreement that Hargett should collect them, retain one half of the proceeds as his fees for collecting, and apply the other half to the debt which Pekor owed him.    Hargett brought suit upon one of the accounts and obtained judgment thereon. Pekor owed McCadden & McElwee, and they sued out garnishment and had a summons served upon the persons against whom the judgment on the account had been obtained.    This judgment and the suit wherein it was rendered were in the name of Pekor as plaintiff.    Hargett filed a claim to the money, alleging that the title was in him by reason of his contract with Pekor, except as to a certain portion which he claimed as his fees.    The money was paid into court.    On the trial before the judge, Hargett sought to introduce evidence to show the contract between him and Pekor; but the court excluded the evidence and directed that the money be paid to the garnishing plaintiffs.    Hargett excepted.

Had the evidence offered by Hargett been admitted, it could not legally have accomplished the result for which he contended, that is, to show that he had title to the fund in court by virtue of his contract with Pekor.    We think that this contract gave him neither a legal nor an equitable title to the accounts placed in his hands for collection.    There was no written assignment made to him by Pekor when the accounts were given him for collection, nor did the proffered evidence show an equitable assignment in favor of Hargett.    As far as the record discloses, there was no intention on the part of Pekor to place the title to the accounts in Hargett.    He was simply an attorney to collect

them and to distribute the proceeds, as directed, so as to pay his fees and his antecedent debt. "In order to infer an equitable assignment, such facts or circumstances must appear as would not only raise an equity between the assignor and assignee, but show that the parties contemplated an immediate change of ownership with respect to the particular fund in question, not a change of ownership when the fund should be collected or realized, but at the time of the transaction relied upon to constitute the assignment." *Jones* v. *Glover*, 93 *Ga.* 484, 487. There being no written assignment of the accounts and the facts and circumstances showing that Hargett was not to have the title to the accounts but only to appropriate the money collected, there was no such assignment as would put in him the legal or the equitable title. The court was, therefore, right in holding that Hargett had no title to the fund in court; but it was error to exclude that portion of the evidence offered which related to Hargett's claim and lien as an attorney at law. The accounts having been turned over to him and he having in this particular instance reduced the account to judgment, he had, under our code, a lien upon the proceeds superior to the judgment and claim of the garnishing creditors, and was entitled, under his contract with Pekor, to one half of the amount collected as his fee for collecting it. If this one-half was a reasonable and proper fee under the circumstances and not a device to defraud creditors, he was entitled to it, and the court erred in not allowing it to him.

*Judgment reversed. All the Justices concurring.*