### 4465.   GITTENS *v.* WHELCHEL.

1. Appeal bonds are amendable in any respect, where the amendment does not prejudice the opposite party.

2. The entry on the docket of a justice of the peace of a judgment rendered by him is the highest evidence of the judgment.

3. While the better practice is to write the verdict on the initial pleading, a verdict written on a separate piece of paper is nevertheless valid.

4. A judgment rendered by a justice of the peace should be entered on his docket at the time of its rendition, but if regularly entered during the term at which it was rendered, it is valid.

5. This was the second verdict rendered by the jury in the justice's court, on substantially the same facts. The evidence demanded the verdict as rendered, and the judge of the superior court should have ended the litigation by entering a judgment overruling the certiorari and sustaining the verdict.

DECIDED JANUARY 22, 1913.

Certiorari; from Hall superior court—Judge J. B. Jones.   September 21, 1912.

Gittens sued Mary Hayes in a justice's court upon an account for board, and obtained a judgment. With the filing of the suit he had summons of garnishment served upon W. H. Whelchel. The garnishee answered that he was not indebted, and, on the trial of a traverse to this answer, the justice rendered judgment in favor of the garnishee. Gittens appealed to a jury in the justice's court, and their verdict was against the garnishee. On certiorari this verdict was set aside and the case was remanded for another trial. On the second trial the jury in the justice's court again rendered a verdict against the garnishee, which was again set aside on certiorari; and the plaintiff excepted. In the judgment sustaining the certiorari no reason is stated for setting aside the verdict. The petition for certiorari, so far as verified by the answer of the magistrate, is based on the following grounds: (1) The magistrate, on appeal to a jury, allowed the appeal bond to be amended by adding the caption of the case to which the bond related, and also by adding that the appeal was from the judgment of the justice, a finding in favor of the garnishee, and not the original defendant, Mary Hayes, there having been no appeal as to the judgment rendered against her. (2) The justice erred in permitting his docket to be introduced before the jury for the purpose of showing an entry of judgment in favor of Gittens against Mary Hayes, rendered prior to the judgment in favor of the garnishee. (3) The verdict in favor of Gittens in the justice's court was not written on any of the papers filed in the case, but was on a separate piece of paper, and for this reason was void. (4) At the time the appeal was entered there was no judgment against Whelchel; consequently no appeal could affect him.

It appears, from the answer of the magistrate, that he first heard evidence in the main case, and then entered up judgment against the main defendant, Mary Hayes, and that, after disposing of this case, he heard evidence on the traverse of the garnishment and rendered judgment in favor of the garnishee, but failed to enter on his docket the judgment disposing of the garnishment case. Later he entered this judgment on the docket, stating why it had not been entered on the date of the trial. It was not disputed that a judgment had been rendered against the main defendant, Mary Hayes, before the garnishment case was tried; nor

was it disputed that the justice rendered a judgment against Gittens, in favor of the garnishee, and that from this judgment the appeal to the jury was taken. There was no motion by the garnishee, on the trial before the jury, to dismiss the appeal, on the ground that the judgment against the garnishee had not been duly entered on the docket.

It appears from the record that the two verdicts in favor of the plaintiff were based on substantially the same evidence. The evidence illustrating the merits of the case may be briefly stated as follows: Mary Hayes was an aged woman who had personal property in money amounting to $480. Whelchel, the garnishee, was appointed guardian of her property, and took possession of this money. The evidence shows that Mary Hayes had previously boarded with Gittens, and that the suit was for the amount of the board bill which she owed him. The evidence further discloses the fact that at the time the garnishment was issued, Whelchel had in his possession the money belonging to her. He claimed to be entitled to it because of an agreement which she had made with him, that he should have the entire $480 for supporting and taking care of her the remainder of her life. He contended that under this contract it belonged to him absolutely, and was not subject to garnishment as her property.

*Ed. Quillian, W. M. Johnson,* for plaintiff.

*A. C. Wheeler,* contra.

HILL, C. J. (After stating the foregoing facts.)

1. The magistrate was right in permitting the appeal bond to be amended. "An appeal bond, and all other bonds taken under requisition of law in the course of a judicial proceeding, may be amended." Civil Code (1910), § 5707. Certainly this is true where the appeal is entered in good faith and no harm is done the opposite party by the amendment. *Hendrix v. Mason,* 70 Ga. 523, 527. In the present case the amendment simply added to the caption the title of the case in which the appeal was entered, and the amendment made no change of any material part of the bond. It is doubtful if the amendment was necessary, as the caption of the original bond, set out in the magistrate's answer, clearly designated Whelchel, the garnishee, as the appellee, and this necessarily meant that Gittens was the appellant.

2. There was no error in allowing the docket to be introduced

in evidence before the jury, showing that the judgment had been entered against the main defendant, Mary Hayes. It is the duty of a justice of the peace to keep a docket of all cases brought before him, in which must be entered the names of the parties, the returns of the officers of the court, and the entries of the judgments, specifying the amounts and the dates of rendition (Civil Code, § 4679, par. 6), and these docket entries constitute primary evidence. *N., C. & St. L. Ry.* v. *Brown*, 3 *Ga. App.* 561, 564 (60 S. E. 319), and cit.

3. The verdict of the jury in the justice's court was not void because it was written on a separate piece of paper, and not on any of the papers connected with the case. As was said in *Sapp* v. *Parrish*, 3 *Ga. App.* 235, 236 (59 S. E. 821), "We know of no law which requires the verdict to be written upon any particular paper, and we are not cited to any decision or statute to that effect." See, also, *Southern Express Co.* v. *Maddox*, 3 *Ga. App.* 223 (59 S. E. 821, 822), where it is held that while the better practice is that the verdict shall be written upon the initial pleading, dated, and signed by one of the jury as the foreman, none of these details are essential to a legal verdict.

4. The failure of the magistrate to enter, on the date of the trial, the judgment which he had rendered in favor of the garnishee was immaterial, in view of the explanation made in his answer, that he entered this judgment on the docket during the term at which he had rendered it. There was no question but that this judgment was the one from which the appeal was entered; and it was too late for the appellee to raise the question for the first time on certiorari, and after the verdict in the appeal case had been returned against him.

5. We think, under the evidence set forth by the respondent in his answer, that the verdict against the garnishee was demanded. Whether the money belonging to Mary Hayes was held by the garnishee as guardian, or under the contract which he had made with her, certainly he had no right to this money as against a bona fide claim reduced to judgment in favor of one who had actually previously supported Mary Hayes, giving her both board and lodging. He was entitled to be paid, and the verdict of the jury in the justice's court was right; and even if the justice committed error, the verdict was so strongly demanded by the evidence that any

error of law would have been immaterial. We think, therefore, the judge of the superior court erred in sustaining the certiorari.

*Judgment reversed.*