## 13624. McCRANIE v. BANK OF WILLACOOCHEE.

1. A tort is a legal wrong committed upon the person or property of another, independent of contract. But an action in tort may be maintained for the violation of a duty flowing from relations between the parties created by contract. Where the allegations are such as properly to embrace every essential element of an action in tort, a different construction as to the nature and character of the suit is not required merely because some of the allegations might be also appropriate to an action ex contractu, or the amount of damages sued for might correspond with what might have been sued for had the action been laid in contract. *Commercial City Bank* v. *Mitchell,* 25 *Ga. App.* 837 (105 S. E. 57).

2. This being an action ex delicto, asking damages on account of the alleged joint tortious acts of the defendants, growing out of a conspiracy on their part whereby property belonging to the plaintiff is alleged to have been embezzled, there is no misjoinder of parties, since the act of one is to be treated as the act of all; and this is true even though one of the joint tort-feasors did not reside in the county where the action was brought, at the time it was instituted, and though the other may not have himself received any of the funds in the misappropriation of which he is alleged to have actively joined. *Cowart* v. *Fender,* 137 *Ga.* 586 (73 S. E. 822, Ann. Cas. 1913A, 932); *Anderson* v. *Foster,* 112 *Ga.* 270 (37 S. E. 426).

3. Under the allegations of the petition, setting up acts of joint misfeasance amounting to actual wilful fraud, it cannot be held as a matter of law that the plaintiff's right of action is barred under section 4496 of the Civil Code (1910), since by the terms of section 4380, "if the defendant, or those under whom he claims, has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitations shall run only from the time of the discovery of the fraud." The trial court properly overruled the demurrer, since, under the averments of the petition, it became a question for the jury to determine whether or not the plaintiff had exercised reasonable diligence to discover and detect the alleged fraud. *Maxwell* v. *Walsh,* 117 *Ga.* 467 (43 S. E. 704); *American National Bank* v. *Fidelity &c. Co.,* 131 *Ga.* 854 (63 S. E. 622, 21 L. R. A. (N. S.) 962); *Baker* v. *Owens,* 60 *Ga.* 188.

DECIDED FEBRUARY 8, 1923. REHEARING DENIED MARCH 1, 1923.

Complaint; from city court of Nashville — Judge Smith. April 7, 1922.

Application for certiorari was denied by the Supreme Court.

*R. A. Hendricks, Dickerson & Kelley,* for plaintiff in error.

*E. K. Wilcox, E. R. Smith, John P. & Dewey Knight,* contra.

JENKINS, P. J. This was a petition expressly founded in tort, brought by the Bank of Willacoochee in the city court of Nashville against G. F. McCranie, a resident of Atkinson county, and T. R.

Cox, a resident of Berrien county, to recover damages on account of alleged misappropriations of funds. The petition alleges that the two alleged joint tort-feasors, the former as vice-president and cashier of said bank, and the latter as bookkeeper thereof and under the control of McCranie, conspired and colluded together to cheat and defraud, and did actually thus cheat and defraud, the petitioner, in that they did from time to time abstract from said bank certain funds belonging to it. While the second count of the petition avers that all the funds thus alleged to have been embezzled were converted to the use of the said McCranie, the allegations are that such acts were the joint acts of the defendants, not only done with the knowledge and consent of the bookkeeper Cox, but in which he actively participated by manipulating and falsifying the books and records of the bank; and while the petition shows that all the alleged acts complained of were committed more than four years prior to the beginning of the suit, it is further shown that the alleged acts of misfeasance were kept secret by the defendants, and were artfully concealed by the making of false entries on the books of the bank and by a studious manipulation of its records so as to render it impossible, by semiannual audits or otherwise, to discover the wrongful extraction of its funds, and that by reason of such acts both it and the State officials who examined it were prevented from ascertaining the true status until a named date, which was less than four years prior to the beginning of the suit. In this connection, an amendment to the petition shows as follows: "Between July 31, 1912, and May 5, 1916, petitioner's board of directors met on the following dates: October 23d, 1912, January 3d, 1913, January 7th, 1913, March 21st, 1913, July 31st, 1913, October 31st, 1913, January 6th, 1914, January 31st, 1914, March 5th, 1914, March 14th, 1914, July 31st, 1914, August 19th, 1914, December 9th, 1914, January 5th, 1915, April 26th, 1915, and October 26th, 1915. At each of said meetings the said George F. McCranie submitted to the board a statement purporting to reflect the true condition of the bank, and represented that said statement was correct, but in truth and in fact each and every statement so submitted and furnished by him was *alleg* [?] and did not reflect the true condition of the bank, in that none of said statements showed the correct amount of deposits subject to check. In making up each of said statements the said George F.

McCranie, acting for himself and his confederates, to wit, M. H. McCranie and T. R. Cox, with a view to and for the purpose of preventing the discovery of the various thefts and embezzlement of petitioner's funds, showed thereon not the correct amount of deposits subject to check as they appeared on the individual ledger, but on the contrary showed the amount of deposits subject to check less the aggregate amount that had been taken and embezzled up to that time. In that way and by that means the said George F. McCranie, acting for himself and his said confederates, deceived petitioner, its other officers and board of directors, and prevented the discovery of the fraudulent and wrongful extraction of petitioner's funds.

"2. Between July 31st, 1912, and May 5th, 1916, the annual meetings of petitioner's stockholders were held on the following dates: January 7th, 1913, January 6th, 1914, January 5th, 1915, and January 25th, 1916, and at each of said meetings the said George F. McCranie, as vice-president and cashier, submitted a statement purporting to reflect the true condition of the bank, and represented that the statement so submitted was correct, but in truth and in fact each and every statement so furnished by him was false and did not reflect the true condition of the bank, in that none of said statements showed the correct amount of deposits subject to check. In making up each of said statements the said George F. McCranie, acting for himself and his confederates, to wit, M. H. McCranie and T. R. Cox, with a view to and for the purpose of preventing the discovery of the various thefts and embezzlement of petitioner's funds, showed thereon not the correct amount of deposits subject to check as they appeared on the individual ledger, but on the contrary the amount of deposits subject to check less the aggregate amount that had been taken and embezzled up to that time. In that way and by that means the said George F. McCranie, acting for himself and his said confederates, deceived and misled petitioner, its other officers and stockholders, and prevented the discovery of the fraudulent and wrongful extraction of petitioner's funds.

"3. Petitioner's bank was a small institution, being capitalized at $25,000, and none of its officers, directors, stockholders, or employees, other than the said George F. McCranie, M. H. McCranie, and T. R. Cox, were capable of making a thorough audit of the

books, records, funds, and securities held by the bank, and that fact was well known to the said George F. McCranie, M. H. McCranie, and T. R. Cox. Once each six months petitioner had a thorough examination of its books, records, funds, and securities made by an auditor who was designated by the State bank examiner, and whose services were paid for by it. The said auditor upon each of said examinations required the said George F. McCranie, as the executive and managing officer of the bank, to produce and exhibit to him all books, records, funds, and securities held by the bank for inspection, but so clever was the manipulation of the books and records by the said George F. McCranie, M. H. McCranie, and T. R. Cox, and so studiously had they concealed and covered up the wrongful extraction of the funds by false entries, as alleged in the original petition as amended, that the said auditor was unable to detect that petitioner's funds had been extracted and embezzled by the said George F. McCranie, M. H. McCranie, and T. R. Cox.

"4. Because of the false entries and the manipulation of the books as alleged in said original petition as amended, and the other fraudulent conduct of the said George F. McCranie, M. H. McCranie, and T. R. Cox, it was impossible for petitioner, by semiannual audits or otherwise, to discover the wrongful extraction of its funds, and it was never able to arrive the true condition of the bank and ascertain the exact amount that had been taken and embezzled until several months after May 5th, 1916, on which date it received first knowledge that its funds had been wrongfully taken and converted. After petitioner was advised that its funds had been stolen by the said George F. McCranie, M. H. McCranie, and T. R. Cox, it employed an expert accountant, who consumed a long period of time in making a complete audit, and, after checking each entry upon the books and records of the bank from July 31st, 1912, to May 5th, 1916, ascertained the amount of the shortage for which it now sues."

It is not necessary to add anything further to the syllabus.

*Judgment affirmed. Stephens and Bell, JJ., concur.*