39031. DAVIDSON *et al.* v. COLLIER.

DECIDED SEPTEMBER 29, 1961.

*Lewis, Lewis, Whaley & Cagle, Robert W. Cagle, Lindsay, Simons & Hayes,* for plaintiffs in error.

*Calhoun & Calhoun, Clarence H. Calhoun, Jr.,* contra.

HALL, Judge. The gist of this action is the injury to the plaintiff's right to hold the proceeds of settlement of the suit until he was paid his compensation as attorney, caused by the

alleged deliberate wrongful acts of the defendants, by reason of which he lost the compensation due him. Plaintiff's right allegedly infringed arose out of a statute, Code 1933, § 9-613: "1. Attorneys at law shall have a lien on all papers and money of their clients in their possession, for services rendered to them, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims."

An attorney's retaining or "holding" lien (codified in *Code* § 9-613) existed at common law and was founded and depended on possession of something to which the lien could attach. 7 C.J.S. 1141, § 210; 5 Am. Jur. 388, § 209 et seq. It is security for a debt. *McDonald, Bailey & Powers v. Napier,* 14 Ga. 89, 111.

Plaintiff's statutory right was recognized and amplified by agreement between the parties. The defendants agreed that the settlement check would be made payable jointly to the partnership and the plaintiff and Simons as its attorneys, and that the attorneys' fee would be paid out of the proceeds of settlement jointly to plaintiff and Simons, to be divided equally between them.

An action for damages by one counsel will lie against his co-counsel for failure to protect his retaining or holding lien in funds in the hands of the defendant after notice of the lien claim has been given. When the defendant co-counsel releases the funds to the client to plaintiff's detriment, it follows that plaintiff is entitled to such damages as will make him whole. Jones v. Miller, 203 F.2d 131 (3d Cir.), 134, 135, Cert. denied 346 U.S. 821. The following cases are in accord in principle: *Miller v. Wilson,* 98 Ga. 567 (25 SE 578, 58 ASR 319); *Anderson v. B. T. Adams & Co.,* 117 Ga. 919 (43 SE 982); *Blanchard v. Farmers State Bank,* 158 Ga. 780 (124 SE 695).

A conspiracy is a combination of two or more persons for the purpose of doing something unlawful, oppressive, or immoral, either to accomplish an unlawful end, or to accomplish a lawful end by unlawful means. *Woodruff v. Hughes,* 2 Ga. App. 361 (58 SE 551); *Luke v. Dupree,* 158 Ga. 590, 596 (124 SE 13). When the unlawful means or end is accomplished by a conspiracy, the person injured has an action against the conspirators

for any damage he may sustain. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done. *Woodruff v. Hughes, supra.* "The liability of each and every tortfeasor is several, though the tortious act was one in which all may have participated, and although the injured party may recover against one only slightly concerned in the wrongful act for the greatest injury which may have been inflicted by the most guilty of the tortfeasors. . . It matters not even if one of the joint conspirators or joint tortfeasors gets nothing from the transaction." *Wall v. Wall*, 176 Ga. 757, 759, 761 (168 SE 893); *McCranie v. Bank of Willacoochee*, 29 Ga. App. 552 (116 SE 202).

"The elements of a conspiracy are: (a) *The confederating* —the combining together of two or more persons. (b) *The intent*—for the purpose. (c) *The object*—of doing something unlawful or oppressive, or immoral, as a means or an end." *Woodruff v. Hughes*, 2 Ga. App. 361, 363, supra. "The essential element . . . [of a conspiracy] is the common design. . . It is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design." *Woodruff v. Hughes*, supra, p. 365. The petition in this case sufficiently alleges that the defendants combined with the intent to deprive petitioner of his compensation and his right to exercise his holding lien. Was the object of the alleged conspiracy either in the means used or in the end sought to be attained, unlawful, oppressive, or immoral? It was—both in the means used and the end sought. "When the law requires one to do an act for the benefit of another, or to forbear the doing of that which may injure another, though no action be given in express terms, upon the accrual of damage the injured party may recover." Georgia Code of 1933, § 105-103. A petition showing false statements made by a defendant to another, which bring about damage to the plaintiff, sets forth a cause of action for tort. *Muse v. Connell*, 62 Ga. App. 296, 303 (8 SE2d 100).

The defendant contends that plaintiff's attorney's lien was not destroyed, and cites as authority cases holding that an attorney's charging lien (paragraph 2 of *Code* § 9-613), is not

defeated by the settlement of a case without the attorney's participation. We agree with this contention as to an attorney's charging lien; however, the injury here is to plaintiff's right to exercise his retaining or "holding" lien.

Accordingly, the court did not err in overruling the general demurrers.

The special demurrers also are without merit. The petition did allege an agreement between the parties. The petition would have stated a good cause of action even in the absence of any specific agreement as to the amount of the attorney's compensation. And although it is not necessary so to decide, we do not think the petition would have been defective without allegations showing the defendants specifically recognized and agreed to protect plaintiff's right to exercise his holding lien. The allegations of the terms of the agreement were pertinent, however, to support the amount plaintiff claims as damages, and to show the defendants' knowledge of and hence their wilfulness in violating plaintiff's right.

"A tort may result from the violation of a duty which is itself the consequence of a contract . . . liability arises out of a breach of duty incident to and created by the contract, but is only dependent upon the contract to the extent necessary to raise the duty. The tort consists in the breach of duty." *Wall v. Wall*, 176 Ga. 757, 763, supra; *City & Suburban Ry. of Savannah v. Brauss*, 70 Ga. 368; *Tapley v. Youmans*, 95 Ga. App. 161, 175 (97 SE2d 365); *Code* § 105-104.

The allegations of the terms of the agreement and its breach, therefore, do not make this a contract action. *Central of Ga. Ry. Co. v. Chicago Portrait Co.*, 122 Ga. 11, 12 (49 SE 727, 106 ASR 87); *McCranie v. Bank of Willacoochee*, 29 Ga. App. 552, supra.

The court did not err in overruling defendants' special demurrers.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*