## 56240. KING v. TYLER.

BANKE, Judge.

The appellant, Lettit R. King, enumerates as error the judgment of the trial court that $9,716.59 held by the appellee, J. C. Tyler, was not subject to garnishment.

The basis of the garnishment proceeding was an alimony judgment which the appellant had obtained against her former husband. The appellee (garnishee) was Mr. King's attorney. Approximately 11 days before service of the garnishment summons on the appellee, King endorsed a check for $13,674.89 over to him for deposit into the appellee's professional corporate account. Legal fees totaling $5,458.30 were paid to the appellee out of this fund before service of summons on him, and an additional $4,903.57 in legal fees was paid to him after service. Other debts of King were paid out of the balance of the fund. The appellant does not contest appellee's receipt of $3,958.30 which represented payment of a legal fee authorized by Code § 9-613 (2). *Held:*

The appellee contends that King's endorsement of the check over to him rendered the money no longer subject to garnishment for the purpose of satisfying a judgment against King. In his testimony he explained that this transfer was accomplished as part of an oral trust agreement between himself and King and that he was to use the fund to pay certain previously designated debts of King. He argues further that since this express agreement was entered into before the service of summons on him (see Code Ann. § 46-301), the payments to creditors made subsequent to service were

valid and not subject to garnishment.

Code § 108-104 defines an express trust as one "created and manifested by agreement of the parties." Code § 108-105 provides: "All express trusts shall be created or declared in writing." It has long been established that the mandate of this latter statute is imperative (see, e.g. *Printup v. Barrett,* 46 Ga. 407, 412 (1872)), and appellee's attorney-client relationship with King does not require a contrary ruling. See *Knight v. Jackson,* 156 Ga. 165 (3) (118 SE 661) (1923). In *Knight* the Supreme Court held invalid a client's attempt to create an express trust by orally directing her attorney to hold, as trustee, certain proceeds of litigation in trust for her nephew. Likewise, the oral agreement between the appellee and King in this case does not qualify as a valid express trust.

It follows, therefore, that the appellee, in depositing King's money into his professional corporate account for dispersal to King's creditors, was acting more in the role of an agent, and not a trustee, and that under the ruling of *Gittens v. Whelchel,* 12 Ga. App. 141 (5) (76 SE 1051) (1913), the money was subject to garnishment. "Whether the money belonging to [the garnishment defendant] was held by the garnishee as guardian, or under the contract which he had made with her, certainly he had no right to this money as against a bona fide claim reduced to judgment in favor of [the garnishor]." *Gittens v. Whelchel,* supra, p. 144. See also *Greenwood v. Boyd & Baxter Furn. Factory,* 86 Ga. 582 (3) (13 SE 128) (1891). Accordingly, the judgment is reversed and remanded with direction that judgment be entered finding that the money undispersed ($8,216.59) at the time of service was subject to garnishment.

*Judgment reversed and remanded with direction. Deen, P. J., and Smith, J., concur.*

Argued September 11, 1978 — Decided October 16, 1978 — Rehearing denied December 1, 1978 —

*Charles H. Edwards,* for appellant.
John C. Tyler, *pro se.*

ON MOTION FOR REHEARING.

1. The appellee contends on motion for rehearing that since the appellant's check was deposited into his professional corporate account, the garnishment should have been filed against the professional corporation (of which the appellee is the sole stockholder) instead of against him individually. The appellee did not raise this issue in his answer to the summons of garnishment, in trial of the traverse, nor did he enumerate it as error by way of cross appeal. This court has no authority to consider judgments and issues which are not appealed or cross appealed. See *Escambia Chem. Corp. v. Rocker,* 124 Ga. App. 434 (1) (184 SE2d 31) (1971); *Carroll v. Johnson,* 144 Ga. App. 750 (5) (242 SE2d 296) (1978). See generally *Patterson v. Duron Paints of Ga.,* 144 Ga. App. 123 (1a) (240 SE2d 603) (1977).

2. The appellee appears confused as to our ruling regarding his uncontested receipt of a $3,958.30 fee under Code § 9-613 (2). The appellee was entitled to this charging fee *regardless* of the time of payment; however, the record shows this fee was paid before service of the garnishment summons on him and as a result, it is included in the $5,458.30 which we held was not subject to garnishment.

3. The appellee also contends that his claim to the $4,903.57 in legal fees paid him subsequent to service is, under Code § 9-613 (1), superior to that of the appellant. This section of the statute recognizes the attorney's common law general or retaining lien on all papers and money belonging to the client which come into his hands until his claims for professional services rendered are satisfied. See *McDonald, Bailey & Powers v. Napier,* 14 Ga. 89 (5) (1853); *Davidson v. Collier,* 104 Ga. App. 546, 549 (122 SE2d 465) (1961); 7 CJS 1141, Attorney & Client §§ 210, 213 (1937). However, money delivered to the attorney by the client for a special purpose cannot be made the subject-matter of a retaining lien in favor of the attorney. 7 CJS 1169, Attorney & Client, § 226 (1937). Therefore, the appellee in this case did not have a retaining lien in the funds remaining in his possession at the time the garnishment summons was served, and the

law stated in *Hargett v. McCadden & McElwee,* 107 Ga. 773 (33 SE 666) (1899), controls this case.

In *Hargett,* the garnishment defendant had turned over to an attorney certain open accounts for collection. Under their agreement the attorney was to retain one-half of the proceeds as his collection fee and was to apply the remaining one-half of the proceeds to a debt owed him by the defendant. The persons against whom the judgment on account was rendered were then served as garnishees by another creditor of the defendant. The Supreme Court held that while the attorney was entitled to receive his (charging) fee, the attorney had no claim to the remainder of the fund as it was subject to the garnishment proceedings instituted by the defendant's other creditor. Accordingly, there is no merit in this contention of the defendant made on motion for rehearing.

*Motion for rehearing denied.*