No. 73.—ABEL HUNTER, trustee, &c, plaintiff in error, *vs.* JOSEPH DAVIS, defendant in error.

[1.] A judgment is not a technical estoppel as to any matter, if the matter is not such that it had, of necessity, to be determined by the Court or Jury, before the Court could give the judgment.

Trover, in Harris Superior Court. Tried before Judge WORRILL, September Term, 1855.

On 14th February, 1824, Joseph Burks made a deed, by which he conveyed certain negroes and other property to his grand-children, and appointed John Burks as trustee, "in my stead to manage, take care of, keep together and sustain the said property with the increase, if any, purely and solely for the benefit and support of my said son-in-law and daughter, (Barton and wife,) and their children so mentioned as aforesaid, during the natural lives of my said son-in-law and daughter; to be administered to them for their support

and maintenance, in any manner my said son may deem most suitable," &c. Barton died, and his widow intermarried with Joseph Davis.

On 8th June, 1850, the children of Mrs. Davis filed a bill of *ne exeat* against her and her husband, alleging that they were interested in these negroes as remainder-men, and praying that the defendants might give bond and security for their forthcoming; also, for the removal of Burks, as trustee, and the appointment of another. The defendants, Davis and wife, denied any intention of removing the property, and set up their claim to the same, during the life of Mrs. Davis. The first decree rendered on this bill, required Davis and wife to give security for the forthcoming of the property, at the death of Mrs. Davis. The last decree on the appeal was, we, the Jury, find and decree, that John Burks, the trustee, appointed by said deed of trust, has not kept and performed his duty as trustee; and we further find and decree, that he be removed, and some other suitable and fit person be appointed trustee in his stead, to take charge of said property, and manage the same according to the provisions of said deed." Abel Hunter was appointed trustee; and subsequently, brought trover against Joseph Davis, for four of the negroes. On the trial of this action, the transcript of the record of this bill being in evidence, the Court charged the Jury, that the plaintiff being a party to the decree, was estopped from denying the right of the defendant to hold said negroes, until the expiration of the time at which defendant had proven his time to deliver them to complainants in said decree.

This charge is assigned as error.

RAMSEY & KING, for plaintiff in error.

INGRAM & CRAWFORD, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Was the charge right? This is the sole question.

A judgment is not, as we think, technically conclusive of any matter, if the matter is not such, that it had, of necessity, to be determined before the judgment could have been given. This seems to be the best result of the authorities. (1 *Stark-ie's Ev.* 223; *Phill. Ev.* 334; *Notes to Phill. Ev.* 845; (*Note,* 594, 826, 827;) *Green. Ev.* §528.)

Was the right asserted in the action of trover, such that it had, of necessity, to be determined by the Court in the Equity suit, before it could render the decree which it did render in that suit?

The decree which the Court did render in that suit, as between Davis and wife, and the complainants, amounted to this: that the complainants had the remainder in the slaves after the death of Mrs. Davis, and that they were entitled to security from Davis and wife for the forthcoming of the slaves, at the death of Mrs. Davis.

Now, in order that this decree might be made, it was not *a matter of necessity* that the Court should first determine the question, whether or not the complainants did not have, not only the remainder in the slaves, but also an interest in the slaves, jointly or in common with Davis and wife, for the life of the wife; or the question, whether, if they had such life-interest, the trustee under the deed was or was not entitled to the possession of the slaves, to the end that he might so administer them as to give all the tenants the enjoyment of their interests. The only question which it was necessary to determine to render that decree, was this: were the complainants remainder-men under the deed? If they were, the decree had to be rendered, as a matter of course, no odds, whether they, together with Davis and wife, were also the life-tenants or not. For if the complainants were themselves life-tenants along with Davis and wife, still, Davis and wife were as much entitled to the possession of the slaves, for her life, as they were. If that were so, they, and Davis and wife, were joint tenants or tenants in common, of the life estate. And one tenant in common, or joint tenant, has as much right to the exclusive possession of the property as an-

other has. And if one has the exclusive possession, the others cannot divest him of it. They may make him account for their interest in the profits, or may have a partition of the property. They cannot dispossess him. If they choose to let him keep the possession, they may do so. And if they do let him keep the possession, and ask that he may give them security for the forthcoming of the property at the end of the life estate, (they having the remainder in the property,) and get a decree that he shall do so, is the decree inconsistent with the idea that they had not a life-estate in the property? Certainly not. Therefore, should they afterwards choose to set up any right to the life-estate, that decree cannot be a bar to their claim.

It was, then, at least, not a matter of necessity, that the Court, before making the decree, which was made in the Equity case, should have determined the question, whether the complainants or the trustee under the deed, had or had not any life-estate in the slaves.

But whether they or the trustee have any such life-estate, is the question raised by the action of trover. The decree, therefore, can be no bar to that action.

The plaintiff in error ought, we think, to have a new trial.