### 8111.   ACREE *v.* BANDY, administrator.

No estoppel to recover compensation for services or for articles furnished resulted from a judgment rendered in a former suit of the same plaintiff, brought for the purpose of obtaining an injunction against interference with land conveyed to the plaintiff in consideration of the same services and articles, where the defense to the suit was an answer and cross-petition attacking the deed as void and praying that it be set aside, on the ground that the grantor was mentally incompetent to make it, and where the judgment set aside the deed on that ground; no question as to the plaintiff's right to compensation for the services or for the articles mentioned being adjudicated or being within the scope of the pleadings in that suit.

DECIDED JUNE 7, 1917.

Complaint; from Gordon superior court—Judge Fite. August 30, 1916.

*J. G. B. Erwin Jr., Neel & Neel,* for plaintiff.
*Maddox, McCamy & Shumate,* for defendant.

JENKINS, J.   This case comes to this court on an assignment of error to a judgment sustaining certain grounds of demurrer and dismissing the plaintiff's petition. The suit is an action against

an administrator on an account for alleged services rendered and
articles of necessity furnished by the plaintiff to the defendant's
intestate, Reuben Elrod. The petition alleges, that the plaintiff
rendered such services and furnished such articles to the said Elrod
upon his promise to deed to her certain land, and that in accord-
ance with such agreement the deed was actually executed; that
some time after the making of the deed he sought to repudiate it
and sold the timber thereon to a sawmill man; that the plaintiff
thereupon filed her suit for injunction against Elrod and the pur-
chaser of the timber, to prevent them from interfering with the
land, and that Elrod filed an answer in that proceeding in the
nature of a cross-bill against the plaintiff, alleging that the deed
made by him to her was void, because "he was mentally incompe-
tent to make said deed." The petition in the present suit further
shows, that before the trial of the former case the said Elrod died,
and Bandy, the present defendant, was appointed administrator
of his estate, and, as such, was made a party in the former pro-
ceeding, and that the former suit "resulted in a verdict and judg-
ment in favor of the said administrator and the setting aside of
petitioner's deed, on the ground of mental incapacity of the said
Reuben Elrod to make the same." The petitioner now alleges
that by reason of her loss of the title to the land, she has been de-
prived of compensation for the services rendered and the articles
furnished by her to the said Elrod, and brings this suit to recover
compensation therefor.

The defendant demurred to the petition, insisting: (1) that the
account now sued upon was adjudicated in the former suit; and
"the deed which plaintiff sought to have declared to be legal has
been adjudicated and adjudged to have been fraudulently pro-
cured, and to have been void because of the want of consideration;"
and (2) that the plaintiff could have set up, by proper amendment
to the former suit, the account now sued upon, and could have
prayed, if the deed was set aside for any cause, that she have judg-
ment against Bandy, the administrator of Elrod, for the services
rendered and the supplies furnished. The demurrer was sus-
tained, with special reference to the ground last set forth.

1. If the petition in this case can be taken to show that in the
former suit between the same parties it was adjudicated, or
under the scope of the pleadings might have been adjudicated, that

the defendant's intestate had not incurred the indebtedness now alleged, or that such liability had been settled, advantage could properly be taken of such former adjudication, by means of demurrer. Such method of raising this defense, however, must be strictly based upon the facts appearing from the petition. *Reid* v. *Caldwell*, 120 *Ga.* 718 (48 S. E. 191). It will be noted that the petition in the present case does not allege that any issue was made in the former case as to the consideration of the deed, but, on the contrary, states that the defendant's intestate contested its validity upon the ground that the maker was mentally incompetent to execute it; and the petition avers that for this reason it was set aside and declared void. It follows, therefore, that the first portion of the demurrer, so far as it may undertake to make recitals not shown in the petition, is without merit and could not properly have been considered by the court. It can not be said that in the former case it was necessary to determine that the plaintiff had no valid claim for services, in order to arrive at the judgment then rendered, declaring the deed void because of Elrod's mental incapacity to make it. In order that the former judgment may be pleaded in estoppel to this suit, the issue now raised must be one which must of necessity have been determined by the former adjudication, or which might have been there determined, as being within the scope of the pleadings. *Halliday* v. *Bank of Stewart County*, 128 *Ga.* 639, 648, 649 (68 S. E. 169); *Callaway* v. *Irvin*, 123 *Ga.* 344, 351 (51 S. E. 477); *Worth* v. *Carmichael*, 114 *Ga.* 699 (40 S. E. 797); *Bradley* v. *Briggs*, 55 *Ga.* 355; *Hunter* v. *Davis*, 19 *Ga.* 413.

Section 4335 of the Civil Code of 1910 is as follows: "An adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation." Section 4336, which appears to be a codification from a headnote in the case of *Watkins* v. *Lawton*, 69 *Ga.* 671, is as follows: "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." It is on this latter provision of the code that the defendant bases his main contention, and in his demurrer asserts that when in the former suit Elrod filed the cross-bill attacking the deed,

the plaintiff, by proper amendment, could have prayed for an alternative money judgment for the services rendered and supplies furnished, to be awarded her in the event that the deed should be set aside; and he contends that because this issue might have been thus made, but was not raised, the former judgment must be conclusive upon the plaintiff in her present suit. Numerous occasions are cited by counsel as supporting the contention that the issue now involved could have been raised by amendment to the former suit; all of these decisions holding in effect, since "equity seeks always to do complete justice," that whenever it has the parties rightfully "before the court, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." Civil Code (1910), § 4522. See especially, along this line: *Latimer* v. *Irish-American Bank,* 119 *Ga.* 887 (47 S. E. 322) ; *Sanford* v. *Tanner,* 114 *Ga.* 1005, 1013 (41 S. E. 668) ; *Ray* v. *Home Investment Co.,* 106 *Ga.* 492 (32 S. E. 603).

It may well be that upon the filing by Elrod of his cross-bill for cancellation of the deed, the plaintiff could have abandoned her claim of title thereunder, and have sought by amendment to recover compensation for the services and articles now contended for. *Sanford* v. *Tanner,* supra. But even if it were possible to hold that the plaintiff in that suit could have sought to maintain the joint and inconsistent claims now indicated by the defendant, making proof as to each in that proceeding, still we do not think that even then the provisions of section 4336, supra, could be held to require such a procedure. It is our opinion that the provisions of this section, making a former judgment conclusive upon the plaintiff as to all matters put in issue, "or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered," relate to matters which were within the scope and intention of the plaintiff's pleadings in the former suit. *Halliday* v. *Bank of Stewart County,* supra. In the case just cited, as well as in the case of *Draper* v. *Medlock,* 122 *Ga.* 234, 239 (50 S. E. 113, 69 S. E. 483, 2 Ann Cas. 650), the rule announced in *Hunter* v. *Davis,* supra, and *Bradley* v. *Briggs,* supra, to the effect that "a judgment is not a technical estoppel as to any matter, if the matter is not such that it had, of necessity, to be determined by the court or jury, before the court could give judgment," is quoted approv-

ingly. But in the *Halliday* case it is further recognized that if the subject-matter might have been passed upon in the former litigation, under the pleadings shown by the record therein, the doctrine of estoppel by judgment should apply. In the case of *McCall* v. *Fry*, 120 *Ga.* 661 (48 S. E. 200), cited by the defendant, it was held that "When a plaintiff sues a defendant in the superior court, the policy of the law, as indicated by the acts of 1884 and 1887 and kindred legislation, requires the controversy growing out of the cause of action alleged by the plaintiff to be settled in that suit, and that the plaintiff shall not be harassed by other suits growing out of the same controversy, although they are based upon independent claims, legal or equitable, which the defendant might have against the plaintiff in reference to the cause of the controversy. A defendant in a suit in the superior court is bound to set up all defenses that he has to the suit, either legal or equitable, and to pray for all the relief needed in aid thereof, ordinary or extraordinary, and he can not at will decline to litigate as a defendant over these matters and bring an independent suit against his adversary, who has already brought him into court." See Civil Code of 1910, § 5410. But while it is thus certainly true that a defendant is bound, on pain of future estoppel, to set up as a matter of defense every right held by him in reference to the cause of controversy which would operate to defeat the suit as laid, this rule appears to us to be far different from the proposition insisted on in this case. Here, since the gist of the former suit lay in the assertion of title to land under a deed from the defendant, and the defense pleaded was lack of title in the plaintiff because of lack of mental capacity by the maker of the deed, it would not seem that the plaintiff should, on pain of future estoppel, have been required to render her assertion of title equivocal, by being forced to assert an entirely different and totally inconsistent claim. She was entitled to have the issue of title fairly and squarely determined. Had the consideration of the deed been attacked, and had the deed been declared void on that ground, then, of course, the judgment would have been a bar to a proceeding of the present sort. The provisions of our law making a former judgment final and conclusive upon all matters which might have been put in issue in the cause wherein judgment was rendered can only have proper application to those matters belonging to *that cause* and relating to the subject

of the controversy and within the scope of the issues then made as shown by the pleadings; and this interpretation is not in conflict with the doctrine which holds that, where the court has proper jurisdiction, the defendant must set up any sort of defense relating to the controversy had by him which would defeat the claim made by the suit.

In our opinion it was error to dismiss the petition on the demurrer.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*