9250. ACREE *v.* BANDY, administrator.

While it has been held that a judgment is not a technical estoppel as to any matter which it was not necessary to determine before the judgment could be rendered (*Hunter* v. *Davis,* 19 *Ga.* 413; *Bradley* v. *Briggs,* 55 *Ga.* 354; *Henderson* v. *Fox,* 80 *Ga.* 479 (1), 6 S. E. 164), still, where the pleadings include an issue which might or might not be taken as having been determined by the verdict and judgment, one setting up the judgment by way of estoppel may show by extrinsic evidence that the issue thus included by the pleadings was then in fact actually litigated, and therefore was determined by the judgment. *Johnson* v. *Lovelace,* 61 *Ga.* 62; *Draper* v. *Medlock,* 122 *Ga.* 234, 50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650); *Halliday* v. *Bank of Stewart County,* 128 *Ga.* 639, 649 (58 S. E. 169); *Harris* v. *Neil,* 144 *Ga.* 519 (87 S. E. 661.) Where a plea of estoppel by a former judgment is entered, and the record of the previous case shows that the issue at present involved was included among the issues made by the pleadings in the former case, and thus might have been determined by the former verdict and judgment, and that evidence upon that particular issue was in fact submitted and a contest made thereon at the former trial, the issue must be taken as having been previously litigated, and a general judgment in the former suit becomes a bar by estoppel to a subsequent contest upon the same issue.

DECIDED JULY 9, 1918.

Complaint; from Gordon superior court—Judge Tarver. August 31, 1917.

*J. G. B. Erwin Jr., Neel & Neel,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendant.

JENKINS, J. When this case was heretofore considered by this court, it was held that the trial judge erred in sustaining the defendant's demurrer to the plaintiff's petition. See *Acree* v. *Bandy,* 20 *Ga. App.* 133 (92 S. E. 765). The suit is an action by Mrs. Acree against an administrator, on an account for alleged services rendered and articles of necessity furnished by the plaintiff to the defendant's intestate, Elrod. The petition alleges, that the plaintiff rendered such services and furnished such articles to the decedent upon his promise to deed to her certain land, and that in accordance with such agreement the deed was actually executed; that some time after the making of the deed, the decedent sought to repudiate it, and sold the timber thereon to another person; that the plaintiff thereupon filed a suit for injunction against Elrod and that person to prevent them from interfering with the land, and that Elrod filed an answer in that proceeding, in the nature of a cross-bill against the plaintiff, alleging that the deed made by

him to her was void because "he was mentally incompetent to make said deed." The petition in the present case further states that the former suit "resulted in a verdict and judgment in favor of said administrator and the setting aside of petitioner's deed, on the ground of mental incapacity of the said Reuben Elrod to make said deed." This court in its former decision held that the present suit for services and necessaries furnished to the defendant was not barred on its face by reason of the allegations contained in the petition, since the petition itself does not allege that any issue was made in the former case as to the consideration of the deed, but on the contrary states that the defendant's intestate contested its validity only upon the ground that the maker was mentally incompetent to execute it, and that for this reason it was set aside and declared null and void. It now appears, however, that the plea and answer of the defendant in the present suit shows that not only was the issue of mental incompetency of the maker of the deed involved in the former litigation, but that one of the issues then made by the plea was the total failure of consideration for the deed; and the present record shows that in the trial of that suit evidence was introduced by the defendant in support of his contention under the issue now involved, and that probably one third of the entire amount of testimony adduced on the former trial was upon this particular point of contest. Upon the record in the former case being introduced at the present trial, and upon testimony showing that the issue raised by the pleadings in that suit as to a failure of consideration for the deed was then actually litigated and contested, the judge directed a verdict in favor of the defendant, upon its plea of estoppel by former judgment.

It is not necessary to add anything further to what is said in the headnote.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*