11137, 11157.   FARRAR LUMBER COMPANY· v.
HOGAN; and *vice versa*.

1. Malicious abuse of legal process is where a plaintiff in a civil pro-
ceeding wilfully misapplies the process of a court in order to attain
an object which such a process is not intended by law to effect.   In
a suit for damages growing out of such a perversion of the court's
process, it is not necessary to show that the former litigation was
without probable cause, or that it terminated prior to the institution
of the suit for damages.   *McElreath* v. *Gross*, 23 *Ga. App.* 287 **(2)**|
(98 S. E. 190).   The instant case can not be taken as one based
on the alleged malicious abuse of legal process, but the judge cor-
rectly construed and treated it as a suit for damages growing out
of the alleged malicious use of legal process.   In such a proceeding it
must be made to appear not only that the previous proceeding has
terminated against the former plaintiff, but that it proceeded ma-
liciously and without probable cause.   While it is true that a former
judgment is conclusive as to every issue made by the pleadings, which
must have been (or could have been and was) litigated (*Acree* v.
*Bandy*, 20 *Ga. App.* 133, 135, 92 S. E. 765), the former litigation
which is the basis of the present suit determined only where the
preponderance of the evidence lay, and the failure of the plaintiff
in that proceeding furnishes no proof or presumption that it was in-
stituted maliciously or without probable cause.   *Porter* v. *Johnson*,
96 *Ga.* 145, 148 (23 S. E. 123).   Where the suit for damages is
based on the alleged malicious use of legal process, the fact that the
former litigation adjudicated contractual rights would not alter the
rule, the test at last being whether the plaintiff in the previous case,
in seeking to establish his alleged contractual rights, acted in good
faith or whether he proceeded maliciously and without probable
cause.

2. Applying the foregoing principles of law, the verdict for the defendant
was authorized by the evidence, and the several grounds of the
amended motion for new trial are without merit.

DECIDED AUGUST 8, 1920.

Action for damages; from Murray superior court — Judge Tar-
ver.   November 15, 1919.

Farrar Lumber Company sued Hogan, alleging:   that it had
purchased of him all the merchantable timber standing on a certain
parcel of land; that subsequently he sought and obtained an inter-
locutory injunction restraining the plaintiff from removing the
hardwood timber from the premises, on the false and pretended
claim that by fraud the hardwood had been included in the con-
tract of sale; that the injunction proceeding was finally deter-
mined against Hogan (the proof showing after three mistrials);
that it was instituted maliciously and without probable cause;
that after the determination of that proceeding it was impracticable

for the plaintiff, on account of tree tops and other debris left on the premises, to work over it again for the purpose of cutting and removing the hardwood timber. In the original petition the plaintiff asked for damages in the sum of $2,659.58, which sum was arrived at as follows: 150,000 feet of hardwood timber, paid for at $3 per thousand, together with an alleged shortage in the amount of timber from the amount estimated by the defendant at the time of sale and paid for at $3 per thousand, — $909.50; profits which would have accrued from the sawing and selling of the hardwood timber, $1,500; attorney's fees incurred in the previous and in the present litigation, $250; total as above, $2,659.58. By amendment, however, the amount sued for was reduced to $2,250, and damages were asked only for the $1500 item, the $250 item, and an additional item of $500 as punitive damages. The defendant demurred, setting up, among other grounds, that in the petition it was sought to join in one action a claim ex delicto with a claim ex contractu. The demurrer was overruled, and this is complained of in the defendant's cross-bill of exceptions. The defendant filed a plea denying that the injunction proceeding was maintained maliciously and without probable cause. The jury on the trial found in favor of the defendant.

The plaintiff's bill of exceptions complains of the overruling of its motion for a new trial, in which it contended that the judge in trying the case admitted testimony and charged the jury on the theory that the plaintiff would have to show that the bringing of the injunction proceeding was malicious and without probable cause, whereas, according to the plaintiff's contention, the alleged unrighteous injunction proceeding was complained of as an abuse, and not as a malicious use, of legal process, and that proof of malice and want of probable cause are not essential in that sort of action. It was also contended that all the alleged acts, though tortious, were breaches of a solemn contract, the execution of which is not denied, and which was upheld in the former suit, and that in such cases proof of malice and of want of probable cause is not essential; that it is only in cases in which no contractual relation exists that these are necessary allegations. It is also a contention of the plaintiff that the petition as amended was based on tortious acts of the defendant other than the bringing of the injunction proceeding, although the original petition was based

solely and specifically upon the original proceeding.  In the amendment to the petition this statement appears:  "And plaintiffs further allege that since defendant forced said Keith to desist from cutting, plaintiffs tried to procure other sawyers to cut and saw said timber, to wit Amos Bishop and others, and defendants refused to allow said Bishop to enter upon the land or to cut the timber."

*F. K. McCutchen, C. D. McCutchen,* for plaintiff.

*William E. Mann,* for defendant.

JENKINS, P. J.  (After stating the foregoing facts.)  We think the trial judge correctly treated the suit as one based entirely upon the alleged malicious use of legal process.  We do not think that the amendment just above quoted attempts to add to or change the character of the suit.  The quoted amendment in no way shows that Hogan refused to carry out the terms of the agreement after the litigation had settled the rights of the parties thereunder.  To the contrary, the original petition plainly states that the first cutting over of the premises in removing the pine timber so littered the ground that for this reason it was impracticable to reenter in order to cut and remove the hardwood timber.  The suit being plainly based upon an alleged malicious use of legal process, and being fairly tried as such, it is unnecessary to pass upon the point raised by the cross-bill of exceptions.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed.  Stephens and Smith, JJ., concur.*