### 43385. FLETCHER v. GEORGIA POWER COMPANY.

WHITMAN, Judge. 1. "In . . . a [malicious use of legal process] proceeding it must be made to appear not only that the previous proceeding has terminated against the former plaintiff, but that it proceeded maliciously and without probable cause. While it is true that a former judgment is conclusive as to every issue made by the pleadings, which must have been (or could have been and was) litigated (*Acree v. Bandy,* 20 Ga. App. 133, 135 (92 SE 765)), the former litigation which is the basis of the present suit determined only where the preponderance of the evidence lay, and the failure of the plaintiff in that proceeding furnishes no proof or presumption that it was instituted maliciously or without probable cause. *Porter v. Johnson,* 96 Ga. 145, 148 (23 SE 123). Where the suit for damages is based on

the alleged malicious use of legal process, the fact that the former litigation adjudicated contractual rights would not alter the rule, the test at last being whether the plaintiff in the previous case, in seeking to establish his alleged contractual rights, acted in good faith or whether he proceeded maliciously and without probable cause." *Farrar Lumber Co. v. Hogan,* 25 Ga. App. 597 (1) (103 SE 863); *Crawford v. Theo,* 112 Ga. App. 83 (143 SE2d 750).

2. "While the Code provides that in an action to recover damages on account of an alleged malicious prosecution, 'want of probable cause shall be a question for the jury, under the direction of the court' . . . [*Code* § 105-802], yet where the material facts are not in dispute, the existence or nonexistence of probable cause for the prosecution is a question of law for determination by the court." *Woodruff v. Doss,* 20 Ga. App. 639 (1) (93 SE 316); *Barber v. Addis,* 113 Ga. App. 806 (2) (149 SE2d 833). The same principle applies in a suit for malicious use of legal process.

3. "The purpose of a motion for a summary judgment is to eliminate a jury trial where it would be unnecessary; and where the evidence introduced upon the hearing of the motion shows that there is no genuine issue as to any material fact in the case, it is proper for the trial judge to grant a summary judgment for the party entitled thereto. *Scales v. Peevy,* 103 Ga. App. 42, 46 (2) (118 SE2d 193)." *Montgomery v. Pickle,* 108 Ga. App. 272 (2) (132 SE2d 818).

4. In the present case the plaintiff, Fletcher, brought an action for damages alleging that the defendant, Georgia Power Company, had maliciously used the legal process by bringing a dispossessory warrant to have him removed from certain land of which he was in rightful possession under a lease with the defendant. The defendant made a motion for summary judgment and it appears from the evidence adduced at the hearing on this motion that the dispossessory proceeding resulted in a trial. The issue decided by the jury was whether the lease had been subject to cancellation by placing part of the acreage in the Voluntary Crop Land Adjustment Program of the U. S. Department of Agriculture and planting certain crops for hay and grazing, whereas by the terms of the lease the lessee agreed (1) to farm, cultivate, fertilize and manage all tillable portions of the property in a good and husbandlike manner, and (2) not to sublease or sublet any of the property

without the owner's written approval. The jury decided that the diversion of the land to the U. S. Agriculture Department's program was not a violation of the lease. The verdict and judgment were affirmed on appeal to this court with the court deciding the question, apparently, as one of first impression. *Ga. Power Co. v. Fletcher,* 113 Ga. App. 559 (148 SE2d 915).

Preceding the dispossessory warrant, which issued on July 26, 1965, the evidence is that Fletcher and the Georgia Power Company had executed a four-year lease on September 21, 1962, which contained the above mentioned covenants, among others. On January 15, 1965, the Georgia Power Company notified Fletcher by letter that because it considered the terms of the lease had been violated, i.e., the above mentioned covenants, the lease was, in accordance with its 30 day notice provision, being canceled effective February 16, 1965. There is some dispute about whether this letter was received by Fletcher, but there is no dispute that Fletcher was notified to the same effect in March 1965 and again on June 5, 1965. Fletcher's position was simply that he had not violated his lease and that he would not leave. This led to the dispossessory warrant.

Fletcher's position was upheld by the jury and by this court on appeal. But as noted in Division 1 above, this fact furnishes no proof or presumption that the dispossessory proceeding was instituted maliciously or without probable cause. Further, we have reviewed the pleadings, affidavits and depositions before the trial court on the defendant's motion for summary judgment. The material facts surrounding the issuance of the dispossessory warrant are not in dispute. We find in them no evidence of malice or any indication that the dispossessory proceeding was instituted in anything but good faith.

There was no error in granting defendant's motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

Argued January 11, 1968—Decided April 25, 1968.

*L. M. Wyatt, John M. Wyatt,* for appellant.

*Richter & Birdsong, A. W. Birdsong, Jr., Troutman, Sams, Schroder & Lockerman, T. M. Smith,* for appellee.