### 50766. MONUMENTAL PROPERTIES, INC. v. JOHNSON.

QUILLIAN, Judge.

The appellant (plaintiff below) brought a dispossessory action against the appellee (defendant below). The defendant answered and counterclaimed for actual and punitive damages because she had paid the rent which was claimed to be owed. The case came on for trial resulting in a directed verdict for the defendant on the main action; the counterclaim was then tried, the jury returning a verdict in the amount of $1,200 for the defendant. The plaintiff's motion for new trial was overruled and appeal taken to this court. *Held:*

Since the enumeration of error questions the validity of the judgment, although the issue was not expressly raised, we must consider the procedure followed in this case as it relates to the rights of the parties and the correctness of such judgment.

1. "There is no law by which every case brought by a plaintiff can be turned into a damage suit by the defendant against the plaintiff for bringing it, while it is still pending." *Fender v. Ramsey & Phillips,* 131 Ga. 440, 443 (62 SE 527). See *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 70 (2) (14 SE2d 565); *Wallace v. Jones,* 101 Ga. App. 563 (114 SE2d 436); *Terry v. Wonder Seal Co.,* 120 Ga. App. 423 (2, 3) (170 SE2d 745); *Metro Chrysler-Plymouth, Inc. v. Pearce,* 121 Ga. App. 835, 842 (175 SE2d 910).

*Metro Chrysler-Plymouth, Inc. v. Pearce,* 121 Ga. App. 835, 841, supra, held: "The rule that 'there can be no recovery unless the plaintiff has a complete cause of action at the time the suit is filed,' and that 'a cause of action accruing pending the suit will not entitle the

plaintiff to recover' (*Deas v. Sammons,* 126 Ga. 431, 432 (55 SE 170, 7 AC 1124)), applies equally to a counterclaim." While that was an accurate statement of the principles of law prior to the Civil Practice Act, it does not reflect the law as it now exists. CPA § 15 (d) (Code Ann. § 81A-115 (d); Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694), provides: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading *setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.* Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense." (Emphasis supplied.) See *Smith v. Smith,* 119 Ga. App. 619, 621 (168 SE2d 609). Under CPA § 13 (e) (Code Ann. § 81A-113 (e); Ga. L. 1966, pp. 609, 625), "[a] claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." Hence, there is no hindrance to a counterclaim predicated on matters transpiring after "serving the pleading."

Here no motion to dismiss or objection was made as to the counterclaim. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." CPA § 15 (b) (Code Ann. § 81A-115 (b); Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). It is evident that the plaintiff by not objecting to the counterclaim or to the issues raised during the trial was precluded from contesting the procedural mode here adopted.

The crucial question therefore is whether the defendant's cause of action had accrued at the time the counterclaim was tried. This of necessity involves the issue: did the original action terminate?

2. "The prosecution must be ended before the right of

action accrues." Code § 105-806. Our courts have interpreted this provision to mean that: "In a suit for damages growing out of such malicious use of process, it must appear that the previous litigation has finally terminated against the plaintiff therein." *McElreath v. Gross,* 23 Ga. App. 287 (1) (98 SE 190). Accord, *Sparrow v. Weld,* 177 Ga. 134, 135 (169 SE 487); *Simpson v. Jones,* 182 Ga. 544, 546 (186 SE 558).

As held in *Georgia Veneer &c. Co. v. Florida Nat. Bank,* 198 Ga. 591 (2) (32 SE2d 465): "It is essential that an action for damages for malicious use of civil process show (1) malice, (2) want of probable cause, and (3) termination of the proceedings in a judgment in favor of the defendant." Accord, *Hester v. Dixie Fin. Corp.,* 109 Ga. App. 204, 206 (135 SE2d 504).

Chief Judge Felton pointed out in *Crawford v. Theo,* 112 Ga. App. 83, 85 (143 SE2d 750), that "a judgment is not a prerequisite of the termination," where termination was alleged to have occurred "by reason of the voluntary abandonment of the case by the party who instituted the proceedings."

The general rule is that the rendition of a final judgment is necessary except for certain exigent situations not applicable here, such as were found in *Crawford v. Theo,* 112 Ga. App. 83, supra. See 52 AmJur2d 204, 210, Malicious Prosecution, §§ 29, 42, and 54 CJS 1023, Malicious Prosecution, § 56, where it was pointed out: "If the criminal proceeding goes to trial a termination of the prosecution by an acquittal or by some form of judgment equivalent thereto is necessary." P. 1024.

There is a split of authority as to the effect on "finality" where an appeal is pursued or where the time for appeal or motion for new trial has not expired. See 52 AmJur2d 212, Malicious Prosecution, § 44; Anno., 41 ALR2d 863; 54 CJS 1024, Malicious Prosecution, § 56.

In this case the defendant obtained a directed verdict in her favor, and the trial continued on her counterclaim. Thus, no judgment had been rendered as to the suit on which the action for malicious prosecution was predicated.

This does not meet the test of final determination,

which is "a sine qua non to the maintenance of the action." *Price v. Cobb,* 60 Ga. App. 59, 60 (3 SE2d 131). We are therefore constrained to hold that the cause set forth in the counterclaim could not be sustained as of the time it was tried. However, on remand the present defendant is not prevented from prosecuting her claim predicated on the original action since no error was enumerated on the judgment for the defendant in the main action which has now, beyond question, finally terminated.

3. In summary: (1) The plaintiff in this case seeks only a new trial and at no time objected to the counterclaim; (2) Under the Civil Practice Act a party is permitted to serve a supplemental pleading setting forth transactions, occurrences or events which have happened since the date of the pleading (including a counterclaim) sought to be supplemented, which permission may be granted even though the original pleading is defective in its statement of a claim for relief or a defense. Therefore, the present case is remanded for a new trial upon proper amendment to the counterclaim to reflect the termination of the plaintiff's claim against the defendant.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED MAY 28, 1975 — DECIDED OCTOBER 6, 1975.

*Blanton, Fudge & Blanton, Gerald W. Fudge,* for appellant.

*R. John Genins,* for appellee.