## 53260. JOHNSON v. MONUMENTAL PROPERTIES, INC. et al.

SMITH, Judge.

Monumental Properties, Inc. and Wayne Carroll, the resident manager of its Woodlake Apartments development in College Park, instituted dispossessory proceedings against tenant Frances Johnson for her alleged failure to pay rent. Johnson counterclaimed on the grounds of malicious use of civil process. At trial, a directed verdict was entered against the plaintiffs on the dispossessory claim and the jury awarded $1,200 to Johnson on her counterclaim. That award was reversed by this court in *Monumental Properties, Inc. v. Johnson,* 136 Ga. App. 39 (220 SE2d 55), because the claim for malicious use of process failed to reflect termination of the original proceedings in Johnson's favor. Upon retrial after proper amendment to the counterclaim, the appellees requested and received a summary judgment against Johnson on the grounds that as a matter of law there was neither malice nor want of probable cause in the initiation of the dispossessory action, and because Johnson's allegations of damages were insufficient to support an action for malicious use of civil process. From the grant of summary judgment, Johnson appealed. *Held:*

1. It is well settled that the three essential elements

in an action for malicious use of civil process are: (1) malice, (2) want of probable cause, and (3) termination of the proceedings in favor of the defendant. *Greer v. State Farm Fire &c. Co.,* 139 Ga. App. 74 (227 SE2d 881). Appellee concedes the third element now exists, but incorrectly contends that there was no issue of fact as to the absence or existence of the other two elements. Although there must be malice and want of probable cause at the inception of the allegedly malicious civil action (*Fletcher v. Ga. Power Co.,* 117 Ga. App. 696 (161 SE2d 369)), all of the circumstances surrounding the original action, whether occurring before or after its initiation, may be used to support reasonable inferences that malice or want of probable cause existed from the beginning. Johnson's allegations (supported by the resident manager's testimony at the previous trial and by his affidavit in support of the motion for summary judgment) are that she owed no rent at the time dispossessory proceedings were commenced, and even though the company discovered its accounting error prior to trial, it nevertheless continued with the proceeding. From the fact that no rent was delinquent, a reasonable inference would be that there was no probable cause for instituting the dispossessory proceedings; from the fact that the company continued with the proceedings even after its own error was discovered, a reasonable inference would be that the proceedings were malicious from the start. *Auld v. Colonial Stores, Inc.,* 76 Ga. App. 329, 337 (45 SE2d 827). At the very least, these circumstances raise questions of fact for jury determination, and a summary judgment was therefore inappropriate.

2. Appellee erroneously contends that Johnson made no claim for damages cognizable in an action for malicious use of civil process. It is true, as appellee contends, that the plaintiff must show either arrest, seizure of property, or other special damages as a result of the action (*Dixie Broadcasting Corp. v. Rivers,* 209 Ga. 98 (70 SE2d 734); *Oliver v. Aetna Ins. Co.,* 102 Ga. App. 89 (115 SE2d 647)), and that attorney fees or other special expenses in defending the litigation do not constitute special damages. *Jacksonville Paper Co. v. Owen,* 193 Ga. 23 (17 SE2d 76). It is equally true, however, that attorney

fees or costs incurred *to avoid eviction* from the premises are damages which may be recovered. *Dixie Broadcasting Corp. v. Rivers,* 209 Ga. 98, supra; *Slater v. Kimbro,* 91 Ga. 217 (18 SE 296). Appellant stated a claim for recoverable damages.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 18, 1977 — DECIDED JANUARY 28, 1977.

*John Genins,* for appellant.
*Blanton & Fudge, Gerald W. Fudge,* for appellees.