## 54865, 54866. CARROLL et al. v. JOHNSON; and vice versa.

BIRDSONG, Judge.

In this case, Monumental Properties, Inc., through its agent, Carroll, brought a dispossessory proceeding against Johnson as a tenant holding over. Johnson filed an answer to that proceeding claiming that she had paid her rent and was not an illegal tenant or in arrears in her rent. She further filed a cross complaint urging malicious use of process. At the original hearing of the case, the trial court directed a verdict for Johnson on the dispossessory proceedings and a jury rendered a verdict in the amount of $1,200 on the cross complaint in favor of Johnson. No appeal was taken by Monumental Properties as to the directed verdict, but Monumental appealed the award of $1,200 on the cross complaint. This court reversed the award of $1,200 on the grounds that though the original suit ended in a directed verdict in her favor, the trial continued on her counterclaim; thus, no judgment had been rendered as to the suit on which the action for malicious prosecution was predicated. We held that this did not meet the test of final determination, the sine qua non to the maintenance of a malicious use of process action. *Monumental Properties v. Johnson,* 136 Ga. App. 39, 40 (2) (220 SE2d 55). The case was remanded to allow Johnson to amend her pleadings to reflect the final determination of the original dispossessory action. Upon retrial, Monumental moved for summary judgment urging that there was a simple mistake of fact and no wilfulness in its eviction action. The trial court granted that motion. On the second appeal of this case (involving the cross complaint), this court reversed the trial court

again, holding there were issues of fact to be submitted to a jury. *Johnson v. Monumental Properties,* 141 Ga. App. 151 (1) (232 SE2d 644). On the last hearing of the case, the jury returned a verdict in favor of Johnson, awarding her $1,500 special damages and $750 punitive damages. During the trial, counsel for Ms. Johnson placed himself on the stand as a witness to testify as to the complexity of the appellate processes and apparently to show the value of his services as an attorney. Monumental moved for a mistrial on the sole grounds that this could only confuse the jury and that as held in the decision of this court in 141 Ga. App. 151, supra, pp. 152-153, Ms. Johnson was limited in her cross complaint to attorney fees and costs incurred to avoid eviction and not to such costs incurred in defending the litigation started by Monumental. The trial court denied Monumental's motion for mistrial, and gave a comprehensive, detailed charge to the jury to disregard any testimony pertaining to the appellate processes. Counsel for Ms. Johnson attempted to testify as to his services on behalf of Ms. Johnson apparently with a view toward establishing the value of those services. The trial court prohibited counsel from testifying as to the value of his own services, indicating that other attorneys could qualify as experts and establish the value of the attorney's services rendered on behalf of Ms. Johnson. Ms. Johnson's counsel then attempted to call Monumental's counsel for that purpose. When Monumental's counsel declined to so testify, Ms. Johnson's counsel unsuccessfully attempted to have the court compel opposing counsel qualify as an expert. In case no. 54866, Monumental appeals the denial of its motion for mistrial. In case no. 54865, Ms. Johnson appeals the refusal of the trial court to allow her to introduce evidence of the appellate processes followed in the case, the refusal to allow her attorney to testify as to the earlier trial proceedings, and the refusal to compel opposing counsel to be sworn as a witness to testify as to the earlier trial proceedings or to show the reasonable value of attorney fees. *Held:*

1. Though the appeals in this case are separate, they arise out of the same factual situation and will be treated as one case.

2. While it is true that this court in *Johnson v. Monumental Properties,* supra, 141 Ga. App. 152-153, held that attorney fees or costs incurred to avoid eviction from the premises are appropriate damages in such a suit and that expenses incurred in *defending* such a suit are not recoverable as special damages, that ruling did not govern the cross complaint which was *prosecuted* by Ms. Johnson as a malicious prosecution. It is well established as the law of this state that every intentional tort invokes a species of bad faith and entitles a person so wronged to recover the expenses of litigation including attorney fees. See *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188, 190 (232 SE2d 62). Inasmuch as the evidence offered by Ms. Johnson was pertinent to her costs in *prosecuting* the litigation in the malicious prosecution action, the trial court was incorrect in applying the rule of law that evidence of costs of litigation including attorney fees in *defending* litigation were not recoverable as special damages. This misapplication of legal theories by the trial court, however, is of no legal consequence to Monumental. The evidence, under the proper legal theory, was admissible on behalf of Ms. Johnson to prove her costs of litigation; therefore, the denial of such evidence for consideration by the jury and the charge of the jury to give no consideration to such evidence was of benefit to Monumental and potential error to Ms. Johnson. It is an old and sound rule that error to be reversible must be harmful. *First Nat. Bank of Chattanooga v. American Sugar Refining Co.,* 120 Ga. 717 (48 SE 326); *Burger Chef Systems v. Newton,* 126 Ga. App. 636, 639 (191 SE2d 479). Furthermore, only one who has been harmed is in a position to complain of an error. *Travelers Indem. Co. v. Cumbie,* 128 Ga. App. 723, 726 (197 SE2d 783). Even if we assume error as to Monumental, it was rendered harmless by the court's removal of the evidence from the jury's consideration and instruction to the jury not to consider it during their deliberations. *Perry v. State,* 139 Ga. App. 705, 706 (1) (229 SE2d 519).

3. The remaining arguments offered by Monumental in support of its appeal of the denial of the mistrial were not presented as objections or arguments to the trial court. Inasmuch as those arguments are

presented here for the first time, they present nothing to this court for review. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762). The error enumerated by Monumental in the appeal in case no. 54866 is without merit.

4. In case no. 54865, Ms. Johnson enumerates as error the refusal of the trial court to allow the evidence of the cost of litigation in perfecting the prosecution of her cross appeal. As indicated hereinabove, the trial court applied the incorrect theory by limiting Ms. Johnson in her showing of costs of litigation to the expenses incurred in defending against the dispossessory proceedings. However, we note in Ms. Johnson's cross complaint, even as amended, that she never made prayer for reasonable attorney fees. While she did seek such fees in defending the eviction process, she never requested such a recovery in her cross complaint. Though such expenses are recoverable, damages in the nature of expenses of litigation under Code Ann. § 20-1404 must be especially pleaded and prayer made therefor. *Davis v. Macon Tel. Pub. Co.,* 93 Ga. App. 633, 637 (92 SE2d 619). It is a general rule of pleading and practice in this state, as to all courts, that relief cannot be granted for matter not alleged or for which prayer has not been made. *Barbee v. Barbee,* 201 Ga. 763, 767 (41 SE2d 126); *Roswell Rd. Perimeter Hwy. Liquor Store v. Schurke,* 138 Ga. App. 502, 503 (227 SE2d 282). In this case, therefore, the trial court was correct in limiting the evidence of costs of litigation, though not for the reason indicated. Nevertheless, where the judgment of the trial court is proper and legal for any reason, it will be affirmed, regardless of the reason assigned. *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405); *Turner v. Baggett Transportation Co.,* 128 Ga. App. 801, 806 (198 SE2d 412). This enumeration is without merit.

5. As to the remaining enumerations of error raised by Ms. Johnson in her cross appeal, a careful reading of the transcript indicates that the primary purpose of the testimony attempted to be offered by Ms. Johnson and which was excluded by the court was intended to establish the cost and expenditure of time and effort by counsel for Ms. Johnson. The transcript records numerous objections by counsel for Monumental Properties and rulings

thereon by the trial court. However, the transcript reflects only two objections made by counsel for Ms. Johnson, neither of which pertains to the evidence excluded by the trial court or to the refusal to compel opposing counsel to be sworn as a witness to offer expert testimony as to the value of the services rendered by counsel for Ms. Johnson or to state what had occurred in the previous proceedings in this case. Appellate courts exist for the correction of trial errors, where proper objection is taken. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224). Where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. *Patterson v. State,* supra; *Cauley v. State,* 137 Ga. App. 814, 815 (224 SE2d 794); *Johnson v. State,* 128 Ga. App. 69 (1) (195 SE2d 676). These objections may not be raised by assertions appearing only in the enumerations of error or the brief in support thereof. *Airport Assoc. v. Audioptic Instructional Devices,* 125 Ga. App. 325 (2) (187 SE2d 567); *Jenkins v. Bd. of Zoning Appeals of City of Columbus,* 122 Ga. App. 412 (2) (177 SE2d 204). Finally, we note that not only did counsel for Ms. Johnson fail to make any objections to the rulings of the trial court, but, in fact, he joined in the motion for mistrial made by counsel for Monumental Properties. There is no merit in these remaining enumerations.

*Judgment affirmed in case nos. 54866 and 54865. Deen, P. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 3, 1977 — DECIDED JANUARY 23, 1978 — REHEARING DENIED FEBRUARY 8, 1978, IN CASE NO. 54866 —

*Blanton & Fudge, Gerald W. Fudge, John G. Barrett,* for appellants.

*John Genins,* for appellee.